[S. F. No. 3132.    Department Two.—July 15, 1903.]

PAULINE LEVY, Petitioner, v. SUPERIOR COURT, Respondent.

ESTATES OF DECEASED PERSONS—ORDER SETTING APART HOMESTEAD—
  JURISDICTION TO VACATE—EXCUSABLE NEGLECT.—The superior court
  has jurisdiction within six months to vacate an order setting apart
  a homestead, on motion of the executors and an heir, on the ground
  of inadvertence, surprise, and excusable neglect. Section 473 of
  the Code of Civil Procedure is applicable to probate matters.

CERTIORARI to review an order of the Superior Court of the City and County of San Francisco vacating an order setting apart a homestead. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

W. T. Kearney, for Petitioner.

A. J. Dannenbaum, T. A. Pawlicki, and Otto Irving Wise, for Respondent and Interested Parties.

McFARLAND, J.—On December 30, 1901, the superior court, respondent herein, made and entered an order in the matter of the estate of Henry Levy, deceased, setting apart as a homestead to the petitioner herein, Pauline Levy, widow of the deceased, certain described premises for the period of her widowhood. Within seventeen days thereafter the executors of the will of decedent, and also Hattie Rosenblum, an heir of decedent, filed and served notices of motions to set aside said homestead order. Said motions were made on the

grounds, among others, that the order was obtained through the "inadvertence, surprise, and excusable neglect" of said moving parties. The motions were accompanied by affidavits tending to show that the homestead order was unjust, etc., that it was procured by misrepresentation, etc.; that the neglect of the moving parties, in not attending court and opposing the homestead order when it came up for hearing, was excusable; and that they were surprised,. etc. After a hearing, the court, on January 16, 1902, made an order setting aside and vacating said homestead order of December 30, 1901. The return shows that the vacating order was made with the consent of said Pauline, given through her attorney; but we do not deem it necessary to determine the questions discussed by counsel as to the effect of such consent. This present proceeding in *certiorari* is brought in this court to have said order of January 16th set aside and vacated.

The only question legitimately before us on this proceeding is, Did the court have jurisdiction to make the vacating order? Petitioner contends that the homestead order was final; that in making it the court exhausted its jurisdiction over the subject; and that it had no power afterwards to review, modify, revise, or vacate its own prior adjudication. But this principle applies, at most, only, as stated in one of the authorities cited by petitioner, "in the absence of statutory grant of power to open orders and decrees." And there is a statutory grant covering the matter here involved in section 473 of the Code of Civil Procedure, which provides that a court may relieve a party from a judgment, order, or proceeding taken against him "through his mistake, inadvertence, surprise, or excusable neglect," provided application be made within a reasonable time, not in any case to exceed six months. This section covers the action of the superior court here in question. Section 1713 of the Code of Civil Procedure declares that "Except as otherwise provided in this title, the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title"— which is the title concerning probate matters; and "part two" contains section 473, above referred to. In *Estate of Hudson*, 63 Cal. 454, it is assumed that a court could set aside a decree of distribution under section 473. In *De Pedrorena* v. *Supe-*

*rior Court*, 80 Cal. 144, it was expressly held that a court, at any time within six months, can set aside a decree of distribution on motion, upon proper showing. And in *Estate of Hickey*, 129 Cal. 14, it was expressly held that the probate court, under section 473, had power to set aside an order settling the final account of an administrator, and also an order setting apart the residue of an estate to minor heirs. Petitioner recites authorities to the point that after a homestead has been set apart it no longer belongs to the assets of the estate; but that is true only while the order stands as an existing valid order, and does not prevent the reversing or setting aside of the order, upon appeal, or upon any other authorized proceeding. Hattie Rosenblum, the heir, and the executors, whose duty it was to protect the estate, were interested parties, and entitled to move under section 473. Petitioner contends that no notice of the setting apart of a homestead is required, and therefore there could be no surprise, excusable neglect, etc. It is not necessary to inquire if notice of the setting apart of the kind of homestead here involved is necessary; if such notice be not required, and, after administration has commenced, all persons interested in the estate are bound to know what is being done, still the heir and executors were certainly in no worse position as to surprise, etc., than if they had been expressly notified. Even in civil actions parties who have been served with summons, and failed to answer, have been relieved under section 473, upon proper showing.

The prayer of petitioner is denied and the proceeding dismissed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.