[L. A. No. 3826.   Department Two.—February 17, 1915.]

## JESSE M. BELL, Appellant, v. HUGH I. KRAUSS et al., Respondents.

[L. A. No. 3879.   Department Two.—February 17, 1915.]

## In the Matter of Adoption of AILEEN BELL.

ADOPTION—CONSENT OF FATHER—AWARDING CHILD TO CUSTODY OF MOTHER BY DIVORCE DECREE—JUDICIAL DEPRIVATION OF FATHER OF CUSTODY ON ACCOUNT OF NEGLECT.—The placing of a minor child in the charge of the mother, by a provision of a decree of divorce awarded her on account of the father's failure to provide, is not such judicial deprivation of the custody of the child on account of the neglect of the father, within the meaning of section 224 of the Civil Code, as to authorize its adoption without his consent.

ID.—FATHER ENTITLED TO CUSTODY UPON DEATH OF DIVORCED MOTHER.— Upon the death of a mother to whom a child has been given by a decree of divorce, the father becomes entitled to the custody of the child.

ID.—PARENT PRESUMED COMPETENT AND ENTITLED TO CUSTODY.—*Prima facie* a parent is presumed competent and he is entitled to have the custody of his child unless found by the court to be incompetent.

ID.—WANT OF KNOWLEDGE BY FATHER OF ADOPTION PROCEEDING—RELIEF FROM ORDER OF ADOPTION.—Where a father is deprived of the custody and control of his minor child without knowledge of any proceeding in that behalf and without a hearing, he is entitled to be relieved from the judgment or order taken against him because of surprise and through his excusable neglect.   Where a parent makes a *prima facie* showing that proceedings were so taken against his will and without the notice to which, under the law, he was entitled, the court should set aside the award of custody and give the parent a hearing and an opportunity to oppose the efforts of other people to deprive him of his child.

ID.—MOTION FOR RELIEF UNDER SECTION 473 OF CODE OF CIVIL PROCEDURE —TIME IN WHICH TO MAKE—RELIEF BY ACTION.—A father who has been so deprived of the custody of his child by an order in an adoption proceeding may obtain relief from the order either by a timely motion in such proceeding under section 473 of the Code of Civil Procedure, or by an independent action to set aside the order. The six months limitation within which to ask for relief by motion under section 473 of such code commences to run on the date of the filing of the order of adoption.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing to set aside an

order for the adoption of a minor child. Fred H. Taft,
Judge.

The facts are stated in the opinion of the court.

C. W. Hatton, W. S. Knott, and J. L. Fleming, for Appellant.

Schweitzer & Hutton, for Respondents.

MELVIN, J.—On September 4, 1913, Hugh I. Krauss and
Birdie M. Krauss, his wife, petitioned for permission to adopt
Aileen Bell, a minor child then six years of age. On the same
day the court made an order of adoption which was signed
and filed September 4, 1913, but docketed and entered on the
eighth day of September, 1913. On March 2, 1914, Jesse
M. Bell, father of the minor child served and filed notice of
a motion to be relieved from the consequences of said order,
specifying in said notice Monday, the ninth day of March,
1914, as the day upon which he would make the motion. In
his said notice of motion he announced that he would apply
for the desired relief on the grounds that he was not a party
to the adoption proceeding; that he had no notice thereof and
did not consent thereto; that he was able and willing to care
for his daughter and to provide her with a suitable home; that
he was entitled to the custody of the infant; was a proper
person to have such custody, and that he had never been judicially deprived of the possession of said minor on account of
cruelty or neglect nor by reason of failure to provide. He
also averred that he had not been dispossessed of civil rights
nor divorced upon the grounds of cruelty or adultery, and
that he had not been adjudged habitually intemperate. At
the hearing of this motion petitioner introduced in evidence
an affidavit setting forth the same matters in more elaborate
form.

The motion of Mr. Bell was resisted and Mr. Frank S. Hutton, one of the attorneys for Mr. and Mrs. Krauss, filed an
affidavit in which he set forth, among other things, that on
October 15, 1913, Jesse M. Bell had commenced an action
against Mr. and Mrs. Krauss to set aside and vacate the order
of adoption theretofore made. He averred that in the said
action Bell had sought to annul the order of adoption on the

same grounds as those afterwards specified in his notice of motion to vacate said order; that the defendants had demurred to the complaint; that the demurrer had been sustained, and that judgment had been duly entered, upon default of plaintiff, in January, 1914. The affidavit of Mr. Hutton also contained the statement that in an action for divorce between Leila F. Bell and Jesse M. Bell, the latter, by the judgment of the court, had been judicially deprived of the custody of his daughter by reason of cruelty and neglect.

Jesse M. Bell thereupon introduced in evidence the complaint and the decrees in said action for divorce. By order made March 9, 1914, the motion to vacate the order in the adoption matter was denied. From said order denying his motion Jesse M. Bell appeals. He also appeals from the judgment mentioned in Mr. Hutton's affidavit and by stipulation of the parties both appeals were considered by this court at the same time.

The action commenced as aforesaid by Jesse M. Bell was against Mr. and Mrs. Krauss and the minor child Aileen Bell. It set forth substantially the same facts appearing by the affidavits and the exhibits in the later proceeding upon his motion under section 473 of the Code of Civil Procedure to be relieved of the order of adoption. The pleadings and decrees in the action for divorce; the awarding of the minor child to her mother; the death of the mother on August 19, 1913; and the adoption proceedings held without any notice to Jesse M. Bell and without his knowledge or consent were all set forth in the complaint as well as allegations of his fitness for and right to the custody of his child. It was alleged that at the time when the adoption proceedings were instituted Jesse M. Bell resided in Los Angeles, his place of residence being well known to Mr. and Mrs. Krauss, but that they made no effort to secure his consent to the adoption nor did they give him any notice thereof but "on the contrary, willfully and intentionally concealed from him the fact that they were about to institute such adoption proceedings and kept the same carefully concealed from him until after the order of adoption had been made therein."

The prayer was that the order of adoption be declared to be null and void, that it be vacated and set aside, that the minor child be restored to the plaintiff and for general equitable relief.

We are not favored by a brief from the respondents and therefore are not informed regarding the theory upon which the demurrer was sustained or the application for relief in the adoption proceedings denied.

Examining the application for relief under section 473 of the Code of Civil Procedure we will first consider the order which is attacked. There was no denial by the petitioner for leave to adopt Aileen Bell that the court's order was made without the presence or consent of the child's father and that he knew nothing of the proceeding. The recital in the order regarding the father of Aileen Bell is "that the father of said child has been judicially deprived of the custody of said child, by reason of neglect and failure to provide." The corresponding allegation in the petition is "That the said parents were, on the 21st day of July, 1909, divorced one from the other, and in the interlocutory decree of divorce bearing the said date, the custody of said minor child was awarded to the mother upon the ground of neglect, failure to provide and desertion of said mother and said minor child." But the interlocutory decree and the final decree in the divorce action fail to support either the allegation in the petition or the finding of the court. The divorce was granted to Leila F. Bell from Jesse M. Bell upon the ground of failure to provide, the custody of Aileen was awarded to the mother and payment of a monthly sum for the child's support was ordered. There was no finding that the father was an unfit person to have possession and control of the child. The placing of the infant in charge of the mother was not such judicial deprivation of the custody of the child on account of the neglect of the father as is contemplated in section 224 of the Civil Code. Divorces are not granted for offenses against children and the bestowal of the custody of a minor in a divorce action is not, unless otherwise provided by statute, an adjudication of the fitness of the parent who is for the time denied the right to retain possession of the child. It is nothing more than the expression of the court's belief that under the circumstances then existing, the welfare of the child would be best subserved by placing said child with one of the parents rather than the other. Upon the death of a mother to whom a child has been given by a decree of divorce, the father becomes entitled to the custody of the child. (*Schammel* v. *Schammel,* 105 Cal. 261, [38 Pac. 729]; Civ. Code, secs. 197

and 246; Code Civ. Proc., sec. 1751.)   *Prima facie* a parent
is presumed competent and he is entitled to have the custody
of his child unless found by the court to be incompetent.
(*In re Campbell,* 130 Cal. 383, [62 Pac. 613].)

Where a father is deprived of the custody and control of a
minor child without knowledge of any proceeding in that be-
half and without a hearing, he is entitled to be relieved from
the judgment or order taken against him because of surprise
and through his excusable neglect.   Where a parent makes a
*prima facie* showing that proceedings were so taken against
his will and without the notice to which, under the law, he
was entitled, the court should set aside the award of custody
and give the parent a hearing and an opportunity to oppose
the efforts of other people to deprive him of his child.   (*Guar-
dianship of Van Loan,* 142 Cal. 428, [76 Pac. 37].)

The showing made by Jesse M. Bell in the adoption pro-
ceeding, when he asked for relief, under section 473 of the
Code of Civil Procedure was, in our opinion, sufficient *prima
facie* to establish the fact that he had been denied the care
and custody of his daughter without due process of law.   The
affidavit of opposition did not deny the allegation in his affi-
davit that neither by service of notice upon him nor otherwise
did he have any knowledge of the adoption matter until after
the order was made.   It occurs to us, however, that perhaps
the order denying his application was based upon the theory
that the request for relief was not made within the time
limited by section 473 of the Code of Civil Procedure.   If
the date of filing the order of adoption be regarded as the
time when it was ''taken,'' then unquestionably the applica-
tion was made too late because the order was filed September
4, 1913, and the motion was heard March 9, 1914.   True, the
notice of motion was filed March 2, 1914, after service upon
counsel for Mr. and Mrs. Krauss, but the court was not asked
to do anything for the relief of the petitioner until March 9,
1914.   This, under the authorities, was too late if we take
September 4th as the starting point.   (*Spencer* v. *Branham,*
109 Cal. 337, [41 Pac. 1095]; *Brownell* v. *Superior Court,*
157 Cal. 705, [109 Pac. 91]; *Thomas* v. *Superior Court,* 6 Cal.
App. 630, [92 Pac. 739].)   If we consider September 8th,
1913 (the day upon which the order of adoption was docketed
and entered), as the date from which Mr. Bell's right to
apply for relief must be reckoned, then the last day of the

six months fell on March 8, 1914, a Sunday, and the motion made on the. following day was within the statutory time. (Code Civ. Proc., sec. 12.)   In *Brownell* v. *Superior Court,* it is suggested that in probate proceedings the formal signing and filing of an order ought to set the time running against an interested person who was not present and was without notice.   In that case a determination of this question was not necessary for the reason that the formal order was signed, filed, and entered on the same day, but applying the reasoning of the opinion in that case to the matter before us, we are constrained to hold that the period of six months available to petitioner began on February 4, 1913, and that therefore the order denying his motion was properly made.

We are of the opinion, however, that the complaint in the action against Mr. and Mrs. Krauss and the child was good as against the general demurrer which was interposed.   That action was in effect an application for all that might have been granted upon a timely motion under section 473 of the Code of Civil Procedure, and for more.   It pleaded facts sufficient to show that Mr. Bell was denied notice of the adoption proceeding either through fraud or mistake of law and fact on the part of Mr. and Mrs. Krauss.   All that we have written in the discussion of the contents of the petition of Mr. Bell applies with equal force to his complaint.

Therefore the judgment based upon the court's ruling sustaining the demurrer is reversed.

The order denying petitioner's prayer for relief under section 473 of the Code of Civil Procedure is affirmed.

Lorigan, J., and Henshaw, J., concurred.