· [Civ. No. 1754.   Third Appellate District.—December 5, 1917.]

ELLIS A. DAVIS, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SAN JOAQUIN et al., Respondents.

MANDAMUS—AMENDMENT OF CLAIM AGAINST ESTATE—HEARING OF PETITION.—A writ of mandate will issue to compel the superior court to hear and determine on its merits an application made under section 473 of the Code of Civil Procedure to amend a claim against the estate of a deceased person.

ESTATES OF DECEASED PERSONS—FILING OF AMENDED CLAIM—APPLICABILITY OF SECTION 473, CODE OF CIVIL PROCEDURE.—Section 473 of the Code of Civil Procedure authorizing relief on the ground of mistake, inadvertence, surprise, or excusable neglect, if application is sought within six months, applies to proceedings in probate, since the word "proceeding" as used in the section does not refer exclusively to an action at law, and under its provisions leave may be granted to amend a claim against an estate, which by mistake and

inadvertence failed to have attached thereto a copy of the written contract on which the claim was founded, although the time for presentation of claims had expired.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Third Appellate District to compel the Superior Court to hear and determine a petition to amend a claim against the estate of a deceased person.

The facts are stated in the opinion of the court.

Faulkner & Faulkner, for Petitioner.

John A. Wilson, for Respondents.

CHIPMAN, P. J.—This is a petition for a writ of mandate. It appears from the petition that on the fifteenth day of June, 1917, there was pending in the superior court of the county of San Joaquin the matter of the Estate of Thomas E. Ketcham, deceased, on which date the petitioner presented to said court a duly verified petition praying for leave to amend a claim theretofore filed by petitioner in the matter of said estate; that a copy of said petition is attached to the petition here, made a part thereof, and designated exhibit "A." That the said superior court and the judge thereof refused to hear or entertain said petition and refused to grant the petitioner any relief in the matter on the ground as alleged in the petition herein, "that the superior court, sitting in probate, is without authority or jurisdiction to grant leave to amend a claim in the matter of the estate of a deceased person, in any particular, after the expiration of the time fixed by law for the presentation of claims against such estate."

It appeared from the said petition exhibit "A" hereinbefore referred to that Thomas E. Ketcham died testate January 25, 1916, leaving an estate within the jurisdiction of said court. That after due proceedings, Anna A. Israel was on February 14, 1916, duly appointed executrix of the last will of said Thomas E. Ketcham, deceased. That thereupon she duly qualified as such executrix, and ever since has been and now is the duly appointed, qualified and acting executrix of the last will of said decedent. That thereafter and pursuant to the order of court, the said executrix duly published notice to creditors to present their claims within ten months from the date of the first publication of said

notice, to wit: November 16, 1916. "That said executrix has not filed a final account in the matter of the said estate, nor any petition for the distribution thereof, but that the administration of said estate is at the present time and for some time to come will be pending in this court." It is then set forth that during his lifetime, decedent entered into an agreement in writing whereby petitioner agreed to publish a biography of said decedent in the "Davis Commercial Encyclopedia of the Pacific Southwest" and to deliver to decedent twelve copies thereof. That your petitioner "inserted in said publication the biography of said decedent, published the same, delivered one copy thereof to the decedent, and offered to deliver to him the remaining eleven copies upon demand; that for and in consideration of the publication and delivery of said copies the said decedent agreed to pay to your petitioner the sum of $570 upon demand; that said sum was not paid by decedent during his lifetime."

It is then set forth "that within the time allowed by law for the presentation of claims against the said estate your petitioner prepared and presented to the executrix thereof a claim for the amount due under said agreement; that a true, full, and correct copy of said claim is hereunto attached, marked exhibit 'A,' and made part hereof; that prior to the preparation of said claim your petitioner delivered to Faulkner & Faulkner, Esq., his attorneys, the original agreement in writing for the purpose of having a statement of said claim properly prepared and presented in the manner provided by law; that petitioner's said attorneys properly prepared a statement of said claim, duly verified, and instructed their stenographer to attach thereto a copy of said agreement in writing; that the said stenographer inadvertently neglected to attach to the said claim a true copy of the said agreement in writing, but inclosed the said copy in an envelope addressed to said executrix, which said envelope also contained a letter written by the said attorneys to the effect that the said claim had attached to it a copy of the said agreement; that the said envelope was thereafter mailed to the said executrix, and received by her; that the said executrix retained the said claim for a period of several months thereafter, to wit, until the twenty-seventh day of February, 1917, at which time the said executrix notified your petitioner that said claim had been wholly rejected by the executrix without in-

dicating to your petitioner her reasons for or the grounds upon which such rejection was made; that on the said twenty-seventh day of February, 1917, the time for presentation of claims against the estate of said deceased had expired and your petitioner did not, therefore, have time within which to properly prepare his said claim and present the same to said executrix; that your petitioner did not discover the mistake until the said claim was returned to him rejected, as aforesaid; that by reasons of the failure of petitioner to attach the said copy properly to the said claim, which was due to the mistake and inadvertence of the said stenographer, your petitioner will be unable to prosecute an action at law for the recovery of the money due under said agreement; that your petitioner has a good and just cause of action, based upon the said instrument in writing, and has exercised due and proper diligence in the preparation and presentation of his claim against said estate, except that he failed to attach thereto a copy of said agreement in writing, which said failure was due to the mistake and inadvertence of the stenographer of said attorneys.

"Wherefore, your petitioner prays that this court issue its order directing the said executrix to appear and show cause why an order by this court should not be made, granting leave to your petitioner to file in the matter of said estate an amendment to the said claim, said amendment to be effected by attaching to the said claim a true copy of said agreement in writing; that upon the hearing of said matter this court grant this petitioner the relief herein sought, and that such other and further relief be granted to your petitioner as may be meet and proper."

In the opinion rendered at the hearing by his Honor, J. A. Plummer, the point in the case is thus stated. "It is claimed in this case that under the provisions of section 473 of the Code of Civil Procedure the court has power to grant amendments to claims the same as in any ordinary case, but the question that immediately arises is: Supposing the court should exercise the power and grant permission to amend the claim that has already been acted upon by the executrix? When acted upon by the executrix, this claim was not presented in the manner provided by law; the time has gone by for the presentation of claims. If the court were to grant permission, it would simply, in effect, be amending a claim,

which, when acted upon by the executrix, was not according to law, and allowing a claimant to present a claim after the time had expired as specified in the notice given by the executrix.

"There is no provision of the code, so far as I have been able to ascertain, which gives the court any jurisdiction or authority. The provision of the code in relation to the presentation of claims, and the allowance of presentation of claims by the court after the ten months has expired, relates only to those who have not had notice by reason of absence. No other power is given to the court to make any change from the ten months' notice. . . . Unless there is something in the code which authorizes the court to set aside the action of the executrix, reopen the allowance, and direct her to do that which the law says must be done within ten months, then the court would be acting beyond its jurisdiction.

"Being of the opinion that the court has no right or authority under the code relating to the administration of estates, or under any of the equity powers given to the court sitting as a probate court to reach back and say to the executrix to do that which she has not done, and make a claim valid which was invalid, apparently, when presented, and especially after the time has expired when claims may be lawfully presented, the petition must be denied for want of jurisdiction."

It is quite apparent that the learned trial judge did not consider the matter on its merits—that is, it did not consider nor decide the question whether or not petitioner was entitled to relief under section 473 of the Code of Civil Procedure, but held that it has no power or authority—in other words, had not jurisdiction to grant any relief and hence denied the petition. The situation was such as appeared in *Estate of Simmons*, 168 Cal. 390, [143 Pac. 697], wherein, on the authority of *Cahill* v. *Superior Court*, 145 Cal. 42, [78 Pac. 476], the court said: "The order denying the contestant's motion for relief must, therefore, be regarded as 'a dismissal of the motion for lack of jurisdiction,' " and, as was held in the Cahill case, as a dismissal of the motion for lack of jurisdiction to act upon the motion. We understand the Cahill case to have decided that the law especially enjoins upon the superior court the duty of hearing and determining all matters which are within its jurisdiction and which come prop-

erly before it; and the writ of mandate may issue to compel the court to hear and determine the motion upon its merits. We think petitioner entitled to the writ.

The more important question is: Does section 473 of the Code of Civil Procedure apply to proceedings in probate and particularly to such a case or proceeding as is here presented? Upon the facts alleged, there would seem to be no good reason for withholding from petitioner the opportunity of having the judgment of the court upon the merits. He prepared his claim in due form and verified it as required by law; he stated in his claim that a copy of the contract on which his claim rested was attached thereon "marked exhibit 'A' ''; the attorneys who prepared the claim directed their clerk to attach a copy of the contract to the claim and mail the claim to the executrix; the clerk, believing that he had complied with these directions, mailed the claim to the executrix, and the envelope, with its contents, was received; through the mistake and inadvertence of the clerk, he failed to attach the said copy; the executrix retained the claim in her hands several months without acting upon it, and, after the time for the presentation of claims had elapsed, she returned it to the attorneys disallowed, and then for the first time the petitioner was made aware of the mistake; he promptly sought relief by application to the court but was denied it for the reasons shown. There has been no final account rendered and no distribution, and the estate is still open and in process of settlement. Concededly, however, petitioner has no means of relief unless it can be afforded under section 473. This section provides that: "The court may in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; . . . and may, also, . . . relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect" if the relief is sought within six months.

In *Levy* v. *Superior Court,* 139 Cal. 590, [73 Pac. 417], a homestead had been set apart to the widow in the matter of the Estate of Henry Levy, deceased. Motions were made to set aside the homestead order "on the grounds, among others, that the order was obtained through the 'inadvertence, sur-

prise, and excusable neglect' of said moving parties." It was held that section 473 "is a statutory grant covering the matter here involved." Said the court: "In *Estate of Hudson,* 63 Cal. 454, it is assumed that a court could set aside a decree of distribution under section 473. In *De Pedrorena* v. *Superior Court,* 80 Cal. 144, [22 Pac. 71], it was expressly held that a court, at any time within six months, can set aside a decree of distribution on motion upon proper showing. And in *Estate of Hickey,* 129 Cal. 14, [61 Pac. 475], it was expressly held that the probate court, under section 473, had power to set aside an order settling the final account of an administrator, and also an order setting apart the residue of an estate to minor heirs."

In the *Estate of Simmons,* 168 Cal. 390, 395, [143 Pac. 697, 699], it was said: "We think it must be held that the court has power, under section 473, to relieve a contestant, whose petition for revocation, duly filed, has not been dismissed, from the failure to have citation issued and served within the year." In support of the statement that "the court has given a very liberal interpretation to the provisions of this section," a number of cases are cited. Section 473 was held applicable where a father has been deprived of the custody of his child by an order in an adoption proceeding and that he could obtain relief under this section. (*Bell* v. *Krauss,* 169 Cal. 387, [146 Pac. 874].)

It seems to us that the presentation of a claim for allowance by the administrator or executor of the estate of a deceased person is a proceeding within the meaning of that term as used in section 473. The statute makes provision for the enforcement of claims against such an estate. The holder of the claim is required to prepare his claim in such form as will show a substantial cause of action; it must be verified and, if founded on a written contract, a copy of the contract must be attached to the claim; it must be filed or presented within the time limited in the notice to creditors or it is barred; when a claim has been presented to the executor or administrator before filing (as was done here), the executor or administrator must indorse thereon his allowance or rejection, with the day and date thereof; "if he allow the claim so presented, it must be presented to the judge for his approval, who must in the same manner indorse upon it his allowance or rejection, and, if allowed, it must, within thirty days thereafter, be filed with

the clerk. . . . Every claim allowed by the executor or administrator and approved by the judge shall be ranked among the acknowledged debts of the estate, to be paid in due course of administration." (Code Civ. Proc., sec. 1496.) If the claim is rejected, written notice must be given to the holder of the claim, who must bring suit within a specified time, or "the claim shall be forever barred." (Section 1498.) No holder of any claim shall maintain an action thereon unless the claim is first filed with the clerk, or presented to the executor or administrator, except in the case of a mortgage. (Section 1500.) When a judgment in favor of a claimant is obtained in an action on a rejected claim, such judgment operates precisely as does the approval of a claim by the judge. In both cases payment is to be made in due course of administration. There is no method provided for the collection of claims against estates of deceased persons except by these provisions, and it is essential that the claimant take the steps first above pointed out as a part of the method provided for his relief.

The presentation of the claim was not the initial step of an independent proceeding. There was already a pending proceeding entitled, "In the Matter of the Estate," etc., the object of which was to collect the assets of the estate, pay debts incurred by the deceased, and to do many other things as might be required in the settlement of the affairs of the decedent. Jurisdiction to do all these things had its origin in the letters testamentary granted on petition of the executrix. The presentation of the claim was but a step in the course of a pending proceeding, to which latter we have seen section 473 applies.

We do not think that the word "proceeding," as used in section 473, refers exclusively to an action at law. We have seen that the supreme court holds that it does not. A motion to set aside a homestead on which an order was made granting the petition does not constitute an action at law. It was, as we have seen, held in *Levy* v. *Superior Court,* 139 Cal. 590, [73 Pac. 417], that the court had jurisdiction within six months to vacate an order setting apart a homestead, on motion of the executor and an heir, under section 473. (See, also, *Estate of Simmons,* 168 Cal. 390, [143 Pac. 697]; *Bell* v. *Krauss,* 169 Cal. 387, [146 Pac. 874].) We can see no embarrassment likely to arise should the learned trial judge

decide that the showing is sufficient to justify his making an order allowing the amendment of the claim prayed for. The amendment should, if allowed, be made to take effect as of the date the claim was presented to the executrix. As thus amended, it may be allowed or rejected at the discretion of the executrix, and the holder of the claim, if rejected, has his action as provided by the statute in which the merits of the claim may be fully passed upon. · The statute does not limit the time within which the executrix must act upon the claim.

It need hardly be stated that a different question would arise if the proposed amendment introduced a new or substantially different claim. Here, however, the facts constituting the claim as presented are fully and completely shown on its face and reference is made to the particular contract which is identified. The contract is but the evidence by which the claim is to be established. Attaching a copy to the claim would in no sense change the substance of the claim.

It is ordered that a writ of mandate issue in said matter directing the judge of the said superior court to hear and determine the petition, a copy of which is attached to the petition, herein as exhibit ''A,'' and to grant the petitioner therein such relief as the facts and the law may warrant.

Hart, J., and Burnett, J., concurred.