[Civ. No. 3844. Second Appellate District, Division Two.—December 4, 1923.]

H. H. EASTWOOD, Respondent, v. ANNA STEWART, as Executrix, etc., Appellant.

[1] ESTATES OF DECEASED PERSONS—EMPLOYMENT OF REAL ESTATE AGENT—STATUS—RIGHT TO EXCEPT TO ACCOUNT.—Since the addition of section 1559 to the Code of Civil Procedure the claim of a real estate agent employed under authorization given pursuant to that section constitutes one of the "demands against the estate," and such agent so employed is a person "interested in the estate," within the meaning of section 1635 and 1637 of that code, and he is entitled to appear and file exceptions to the administrator's or executor's account, and if his claim has been omitted there-

from he may ask to have the account surcharged to the extent
of the commission found to be due him.

[2] ID.—DEMAND OF REAL ESTATE AGENT—JURISDICTION—WAIVER
OF CLAIM—LIABILITY OF EXECUTRIX.—Jurisdiction to pass on the
demand of a real estate agent employed under authority conferred
pursuant to section 1559 of the Code of Civil Procedure is vested
exclusively in the court sitting in probate; and where an agent,
so employed, does not contest the final account of the executrix,
and does not appear at the settlement thereof to make any claim
for commissions, he is concluded by the settlement of such account
and final distribution, and he may not thereafter maintain an
action against the executrix to recover his commissions.

APPEAL from a judgment of the Superior Court of
Ventura County. Merle J. Rogers, Judge. Reversed.

The facts are stated in the opinion of the court.

Robert M. Clarke for Appellant.

Charles F. Blackstock for Respondent.

FINLAYSON, P. J.—This is an action by a real estate
agent to recover commissions alleged to have been earned by
him in finding a purchaser for certain real property which
was a part of the assets of the estate of Mary E. Sebastian,
deceased. The defendant, the executrix of the last will and
testament of the decedent, is sued in her representative ca-
pacity, i. e., she is sued ''as'' the executrix of the last will
and testament of her testatrix. The action is based upon a
written contract for commissions entered into by plaintiff
and the executrix during the course of the latter's admin-
istration of the estate of her testatrix. The executrix ap-
peals from a judgment in favor of plaintiff.

On November 11, 1918, the superior court, sitting in
probate, made an order authorizing the executrix to sell
all the real property belonging to the estate of her testatrix.
The preliminary steps essential to the making of the order
were duly taken under the law then in force. On Decem-
ber 24, 1918, the court, acting under the grant of power
contained in section 1559 of the Code of Civil Procedure,
made its order authorizing the executrix to employ a real
estate agent. On December 31, 1918, plaintiff and the ex-
ecutrix, pursuant to the authorization thus given by the

court, executed the contract upon which this action was brought. By the terms of their contract the executrix authorizes plaintiff to secure a purchaser for the property and agrees that, upon a purchaser being secured whose bid shall be accepted and to whom a sale shall be made by her and confirmed by the court, she will pay plaintiff a commission of five per cent on the first ten thousand dollars and two and one-half per cent on the balance of the purchase price. On November 8, 1920, the property was sold by the executrix to a purchaser procured by plaintiff; and on November 22, 1920, the sale was confirmed by the court.

On December 11, 1920, the executrix rendered her final account, prayed a settlement of her administration and petitioned for final distribution of the estate. She set up that all debts had been paid, but made no mention of plaintiff's claim for commissions. A day was appointed for the settlement of the account and notice thereof was given as required by law. On December 27, 1920, the court settled the account and made final distribution of the estate. Plaintiff did not contest the account, nor did he appear at the settlement thereof to make any claim for commissions. Instead, he brought this action against defendant, as executrix, some time after her final account had been settled and the decree of final distribution had been made.

One of the points made by appellant is that respondent's remedy was in the probate proceeding, and that because he did not appear therein he is concluded by the settlement of the final account and may not now maintain this action for his commissions. We are constrained to hold with appellant on this contention.

At the time when respondent made his contract with appellant section 1559 of the Code of Civil Procedure—added to the code in 1909 (Stats. 1909, p. 251)—empowered the court, sitting in probate, to make an order authorizing an executor or administrator to enter into a contract with any *bona fide* real estate agent to secure a purchaser of the real property of the estate. The section, as it then read, contained this provision: "If a sale to a purchaser obtained by such agent is returned to the court for confirmation and said sale be confirmed to such purchaser, such contract shall be binding and valid as against the estate. By the execution of any such contract no personal liability

shall attach to the executor or administrator, and no lia-
bility of any kind shall be incurred by the estate unless an
actual sale is made and confirmed and unless such contract
be by the court first authorized.''

Prior to this code amendment an executor or adminis-
trator could not create any liability against the estate in
his charge by his contracts with real estate agents, at-
torneys, or others employed to assist him in the perform-
ance of his duties. The real estate agent, attorney, or
other person so employed by the executor or administrator
had no action or claim against the estate. Whatever claim
he had was against the executor or administrator in his
individual capacity, who. in turn, if the expenditure was
made in good faith and was proper, might be credited
therewith in the settlement of his accounts with the estate.
(*Maxon* v. *Jones,* 128 Cal. 77 [60 Pac. 516]; *Estate of Wil-
lard,* 139 Cal. 501 [64 L. R. A. 554, 73 Pac. 240]; *Hick-
man-Coleman Co.* v. *Leggett,* 10 Cal. App. 29 [100 Pac.
1072]; *Briggs* v. *Breen,* 123 Cal. 657 [56 Pac. 633].)
Therefore, it formerly was held that a real estate agent,
attorney, or other person employed by the executor or ad-
ministrator to assist in the administration of the estate
was not a person ''interested in the estate'' within the
meaning of sections 1635 and 1637 of the Code of Civil
Procedure, and that, therefore, he was not required to con-
test the accounts of the executor or administrator nor was
he concluded by the settlement thereof. (*Briggs* v. *Breen,
supra.*)

[1] Since the addition of section 1559 to the code the
claim of a real estate agent, employed under authorization
given pursuant to that section, constitutes one of the ''de-
mands against the estate,'' and as such it ranks among ''the
debts of the estate.'' (Sec. 1643, subd. 5.) Such agent,
so employed, is therefore a creditor of the estate. Being
a creditor of the estate, he is a person ''interested in the
estate,'' within the meaning of sections 1635 and 1637. He
is entitled to appear and file exceptions to the adminis-
trator's or executor's account, and if his claim has been
omitted therefrom he may ask to have the account sur-
charged to the extent of the commission found to be due
him. ''Upon the settlement of an account, every *creditor*
[italics ours], heir, legatee or devisee is a person interested,

and as such has a right to enter an appearance and become a party.'' (*Estate of McDougald,* 143 Cal. 479 [77 Pac. 444].) Because he is a person ''interested in the estate,'' a real estate agent, employed pursuant to authority conferred under section 1559, is concluded by the settlement of the account and the allowance thereof by the court. (Sec. 1637, Code Civ. Proc.)

[2] Moreover, jurisdiction to pass on the demand of a real estate agent employed, as was this respondent, under authority conferred pursuant to section 1559, is vested exclusively in the court sitting in probate. Though the claim of a real estate agent employed pursuant to an order of the court made under section 1559 may not be a claim against the estate within the meaning of sections 1490 to 1514, inclusive, for the reason that it is not a claim which accrued against the decedent in his lifetime, or resulted directly from contracts made, or acts performed, or wrongfully omitted to be performed, during the decedent's lifetime, it is nevertheless a claim which comes under the head of ''expenses in the care, management and settlement of the estate'' referred to in section 1616; and of such claims the court, sitting in probate, has the exclusive jurisdiction. (*Gurnee* v. *Maloney,* 38 Cal. 85 [99 Am. Dec. 352].)

The personal representative of the decedent being exempt, under the express terms of the statute, from all individual liability, and the real estate agent having no claim directly against the property of the estate in the hands of the administrator or executor, the claim is a matter for determination in the probate proceedings, where all persons interested in the estate can be heard. All persons interested in the estate, the heirs, legatees, and creditors, have the right to be heard upon the propriety of the claim. The place for such hearing is in the court sitting in probate after the administrator or executor has rendered his account of expenses and disbursements, upon notice thereof to the parties interested. Such parties could not be heard in an action such as the one now before us—an action at law by the real estate agent against the personal representative of the decedent. If the superior court, in the exercise of its general jurisdiction over actions at law, could render judgments on such claims, the other persons interested in the estate might never be heard at all; and the court sitting

in probate, whose peculiar province it is to hear and determine all matters concerning the expenses and disbursements attending the administration of an estate, and wherein the heirs, legatees, and creditors may be heard as to the propriety of such expenses and disbursements, might be robbed of the jurisdiction which rightfully belongs to it in matters of probate.

As early as *Gurnee* v. *Maloney, supra,* it was decided that the probate court has exclusive jurisdiction of claims which seek to charge the estate with expenses of administration. That was an action by an attorney to recover against the estate counsel fees and moneys expended for the benefit of the estate. The defendant, sued in his capacity as administrator of the estate, demurred to the complaint on the ground that the district court had no jurisdiction. In the course of its opinion the supreme court said: "Conceding the liability of the estate upon such contracts as are set forth in the complaint, we do not think they constitute claims against the estate within the meaning of sections 128 to 140, inclusive, of the Probate Act [sections 1490–1504, inclusive, of the Code of Civil Procedure]. The claims therein referred to are such as accrued against the intestate in his lifetime, or resulted directly from the contracts made, or acts performed, or wrongfully omitted to be performed, during his lifetime. The charge now in question, if necessary and proper to preserve the estate, comes under the head of expenses of administration referred to in section 219 [1616 of the Code of Civil Procedure]. The whole estate is in the custody and under the control of the probate court. It has jurisdiction of the whole subject matter, and it is its exclusive province, subject to appeal to this court, to determine what items of expenditure incurred during the administration under its own supervision are proper charges against the estate. . . . The parties interested in the estate are entitled to be heard upon the propriety of such expenditures; otherwise the administrator might, through judgments collusively permitted in the district courts, allow the whole estate to be squandered. The heirs and creditors cannot be heard in such actions in the district court. In *Hope* v. *Jones* (24 Cal. 93), we held that the district court had no jurisdiction to interfere with the apportionment of commissions between administrators,

in a suit by an administrator against his coadministrator. If the district court has no jurisdiction to entertain such a suit, we do not see why it should have jurisdiction to intermeddle in any other matter purely of administration. . . . The assumption of jurisdiction by the district court, to hear and determine such questions, would, it seems to us, be a direct interference with the administration of an estate actually in progress under the supervision of the probate court.''

These views do not conflict with anything said by our supreme court in *Golden Gate Undertaking Co.* v. *Taylor,* 168 Cal. 94 [Ann. Cas. 1915D, 742, 52 L. R. A. (N. S.) 1151, 141 Pac. 922]. That case, an action by an undertaker against the executrix to recover funeral charges, is *sui generis.* In the first place, funeral charges are ordinarily incurred before the appointment of an executor or administrator, and are not, strictly speaking, expenses of administration. Whereas charges for services performed by a real estate agent in the sale of property of the estate are expenses of administration, and as such are allowable to the executor or administrator under section 1616, if the real estate agent was duly employed. Moreover, a charge for funeral expenses is made a preferred debt of the estate (sec. 1643, Code Civ. Proc.) ; and, as was said by the court in *Golden Gate Undertaking Co.* v. *Taylor, supra* (p. 100), ''To await the settlement of accounts would be destructive of the preference given by the code.'' But such course of reasoning is not applicable to the demand of a real estate agent for commissions earned under a contract made pursuant to authority conferred under section 1559, for his is not a preferred claim, and there is therefore no reason why it should not await the settlement of the accounts in the probate proceeding.

The conclusion at which we have arrived makes it unnecessary to consider the other points presented by appellant.

The judgment is reversed.

Works, J., and Craig, J., concurred.