[Civ. No. 6411. Second Appellate District, Division One.—May 15, 1929.]

In the Matter of the Estate of THOMAS H. INCE, Deceased. HARLEY MOORE, Respondent, v. ELLEN PRISCILLA INCE et al., Executors, etc., Appellants.

Charles W. Fourl and Edward W. Tuttle for Appellants.

Walter R. Leeds, Dockweiler & Dockweiler & Finch for Respondent.

YORK, J.—This is an appeal from an order vacating a previous order allowing a broker's commission for sale of estate property, and fixing anew the amount of commission due to respondent. Such motion to vacate was made under section 473 of the Code of Civil Procedure and was based

upon the ground that the first order was made and taken against respondent through his mistake, inadvertence, surprise and excusable neglect.

Appellants contend that the superior court had no jurisdiction to entertain respondent's motion to vacate or to vacate its previous order for the reasons:

1. Respondent is not a party within the meaning of section 473 of the Code of Civil Procedure.

2. The order confirming sale of the realty is not severable as to that part thereof allowing the commission to respondent.

As to appellants' first contention that respondent is not a party within the meaning of section 473 of the Code of Civil Procedure, the case of *Eastwood* v. *Stewart,* 64 Cal. App. 614 [222 Pac. 369], is decisive, holidng that a real estate agent employed under the authorization given under section 1559 of the Code of Civil Procedure is a person interested in the estate.

The superior court has general jurisdiction to vacate its own order and make another increasing the amount to be paid, upon a motion made by respondent under section 473 of the Code of Civil Procedure, on the ground that the first order was taken against him through his inadvertence, surprise, and excusable neglect. (*Levy* v. *Superior Court,* 139 Cal. 590 [73 Pac. 417].) The fact that the later order was made at a time subsequent to the time of confirmation of the sale could not, on any admissible theory, affect the validity of said order.

The order appealed from is affirmed.

Conrey, P. J., and Houser, J., concurred.