[Civ. No. 9629.  First Appellate District, Division One.—January 14, 1935.]

In the Matter of the Estate of MARGARET HUGHES, Deceased.  PAMPHIL TESLUCK, Appellant, v. WELLS FARGO BANK & UNION TRUST COMPANY, Executor, etc., Respondent.

Thomas Pierce Rogers and William E. Kidd for Appellant.

Nathan Merenbach for Respondent.

TYLER, P. J.—There are two appeals arising out of the facts of this case.  The first is one from an order denying petitioner the right to be made a party to a proceeding fix-

ing the amount of a real estate broker's commission and to set aside an order for the payment of the same. The second is from an order made in the superior court, sitting in law and equity, dismissing the complaint of appellant brought to recover the commission. The appeals have been consolidated.

The facts show that the executor of the estate of Margaret M. Hughes, deceased, was desirous of selling certain real property belonging to the estate and it accordingly listed the same with several real estate agents to secure a purchaser for said property, agreeing at the same time to pay the agent, who actually procured and consummated a sale, a reasonable sum for procuring such buyer, the amount to be fixed and allowed by the court. A purchaser was procured, and upon proceedings to confirm the sale the court made an order allowing the sum of $175 as a commission. Appellant Tesluck, a broker, claimed the entire commission. One Gromeeko, another broker, orally objected to the designation of appellant as the proper person to receive the commission, on the ground that he himself rendered services in procuring the purchaser to whom the sale was confirmed. Appellant objected to any portion of the sum being paid to Gromeeko and asked for a hearing to determine to whom the commission should be paid. Without taking any evidence, oral or documentary, upon the subject, the court inquired of respondent's counsel if Gromeeko had rendered services in the matter, and was informed that he had. Thereupon the court postponed the hearing for one week, at the expiration of which time an order was made dividing the commission equally between the two brokers. Appellant, being dissatisfied with the order of the probate court, brought an equitable action against the executor, demanding from it the entire commission. Gromeeko was subsequently substituted as defendant in lieu of the executor. Thereafter he demurred to the complaint on the ground that the court had no jurisdiction over the subject-matter of litigation, urging that the proper court to decide the question of a broker's fee is the probate court, and also that plaintiff's remedy is under section 473 of the Code of Civil Procedure to set aside the order of payment of said commission, or by appeal. While this action was still pending in the superior court, appellant made a motion in the probate court to set

aside the previous order for the payment of the commission. This motion was denied. The demurrer to the equitable action in the superior court was sustained, and the action ordered dismissed.

■ The question involved in the two appeals is whether the probate or the superior court, sitting in law and equity, has jurisdiction to determine a dispute between rival real estate brokers seeking commission allowed upon return of sale of real property of decedent's estate. It is conceded by appellant that the probate court has power to fix and allow the amount of the commission, and also to divide commissions where an increased bid is made, but it is claimed that no authority exists in it to determine adverse claims as to who rendered the service. There is no merit in the contention. The question is not one of first impression in this state. It is well established that the probate court has exclusive jurisdiction to adjust conflicting claims of two brokers. (*Eastwood* v. *Stewart,* 64 Cal. App. 614 [222 Pac. 369]; *Estate of Ince,* 98 Cal. App. 763 [277 Pac. 886]; *Wilson* v. *Fleming,* 106 Cal. App. 542 [289 Pac. 658].) A demand of a real estate agent, employed to sell real property belonging to an estate, is a claim which comes under the head of expense in the care, management and settlement of the estate, and of such claims the court, sitting in probate, has complete and exclusive jurisdiction. ■ Appellant makes the further contention that even assuming the probate court had jurisdiction to make the order in question, it erred in not giving the respective parties a hearing to determine which of the claimants, if not both, had a right to the commission. We see no answer to this claim. The rights of the parties could not be adjudicated without a proper hearing.

The order denying petitioner's motion to be made a party and to set aside the order for payments of commissions must therefore be reversed with instructions to the court to take evidence upon the subject and determine the question.

Knight, J., and Cashin, J., concurred.