[Civ. No. 13134. First Dist., Div. Two. Jan. 16, 1947.]

ELLA HERMINE DENKE, as Administratrix With the Will Annexed, etc., Appellant, v. E. W. N. BOWES, Respondent.

Hilary H. Crawford for Appellant.

Norman Elkington for Respondent.

NOURSE. P. J.—Plaintiff appeals on a settled statement from an order granting defendant's motion to set aside a default and default judgment.

On August 21, 1945, plaintiff as administratrix with the will annexed of the estate of E. H. Denke, deceased, commenced a suit against defendant upon a promissory note dated March 10, 1932, and payable on January 1, 1933, to E. H. Denke in the sum of $3,536.49. Summons was issued and served with a copy of the complaint on defendant in Alameda County on September 16, 1945. The default of the defendant was entered on October 17, 1945, and on October 18, 1945, a judgment by default was filed in favor of plaintiff in the sum of $2,986.49 principal plus $1,395.34, interest and $250 attorney's fees.

Subsequently, on October 23, 1945, defendant filed a demurrer to plaintiff's complaint based on the statute of limitations. Thereafter, on November 2, 1945, defendant filed a notice of motion to be relieved from default on the ground that the judgment had been prematurely entered through the mistake, inadvertence and excusable neglect of defendant's counsel. In support of the motion defendant filed an affidavit of merits made by defendant's counsel stating that defendant was out of the state and could not be communicated with, that because of the defendant's absence the affidavit was made by his counsel, that defendant "has made a full and complete statement of all of the facts in the above entitled cause to his counsel" and that he was advised by his counsel that he has a good and valid defense on the merits on the alleged cause of action set forth in the complaint. Further the motion was based upon "the demurrer to the complaint herein also served and filed herewith, and upon all other records and files in the above entitled cause."

In addition an affidavit of defendant's counsel was filed setting forth the following facts: On October 13, 1945, the defendant telephoned affiant and stated that he had been served with a summons and complaint in an action on a note, and told him all of the facts and his defenses. Affiant requested defendant to mail the papers to him and received them on October 15, 1945. At that time there was marked thereon the following: "Deliver to E. W. N. Bowes, 248 Monte Vista, Piedmont, California," and following that a pencil notation reading, "N.E. 10-11-45." Affiant assumed that the latter notation was defendant's notice to himself that the papers were served

on October 11, 1945, and that therefore defendant had 30 days from that date to plead. Affiant prepared a demurrer; filed it on October 23, 1945, and served it on defendant's counsel on October 24, 1945. Two days later affiant telephoned plaintiff's attorney to suggest a postponement of the hearing on the demurrer. Plaintiff's counsel then told him that defendant was served on September 16, 1945, that his default for failure to appear was entered on October 18, 1945, and that a judgment was subsequently entered on the default.

Defendant's motion was heard on November 8, 1945, at which time no oral evidence was offered, the evidence being confined to all the papers on file. The court thereupon granted the motion and found that the default and default judgment were entered through the mistake, inadvertence and excusable neglect of the defendant and his legal representative.

Appellant contends that the affidavit of merits is insufficient because it was made by respondent's counsel; hence the statement that respondent had made a full statement of the case was hearsay. He cites cases from *Bailey* v. *Taaffe,* 29 Cal. 422 to *Pingree* v. *Reynolds,* 23 Cal.App.2d 649 [73 P.2d 1266]. They are not in point. Where counsel makes an affidavit stating what his client told him the affidavit is hearsay and subject to objection. But there is no rule of law more clearly settled than that when hearsay evidence is offered and received without objection, it is too late for the adverse party to complain for the first time on appeal.

But section 473, Code of Civil Procedure, authorizes the court to relieve either a party ''or his legal representative'' from a default taken through ''his'' mistake. Here the affidavit discloses mistake or excusable neglect of both the respondent and his legal representative. Here the evidence was sufficient to support the finding of the trial court that the default was taken ''through the mistake, inadvertence and excusable neglect of said defendant and his legal representative.''

Any deficiency in the affidavit was supplied by the record upon which the motion for relief was based. This disclosed a complaint filed August 21, 1945, on a promissory note executed March 10, 1932, payable January 1, 1933, and a demurrer setting up the statute of limitations.

We are not in harmony with the argument that the statute of limitations is not a meritorious defense, particularly when it is interposed in a stale action of this kind commenced

twelve years after the alleged obligation upon which it is based. In *Fontana Land Co.* v. *Laughlin,* 199 Cal. 625, 636 [250 P. 669, 48 A.L.R. 1308], the court said:

"The power to nullify acts of the legislature prescribing a limitation upon the time within which actions may be commenced is not a judicial prerogative. Statutes of limitation have become rules of property. They are vital to the welfare of society and are favored by the law. (*Nichols* v. *Randall,* 136 Cal. 426 [69 P. 26]; *Shain* v. *Sresovich,* 104 Cal. 402 [38 P. 51].) They are to be viewed as statutes of repose, and as such constitute meritorious defenses. (*Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192 [21 Ann.Cas. 1279, 106 P. 715].)"

The same line of thought has been incorporated into the interpretation of section 473. It is a remedial statute designed to make judicial proceedings equitable and fair and to relieve a party from excusable neglect to take the procedural steps at the precise time designated. The rule of the cases is fairly stated in 14 California Jurisprudence page 1075: "The policy of·the law is to have every litigated case tried upon its merits; and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. The discretion of the court ought always to be exercised in conformity with the spirit of the law and in such manner as will subserve rather than defeat the ends of justice."

Order affirmed.

Goodell, J., and Dooling, J., concurred.