[Civ. No. 4942.   Fourth Dist.   Jan. 14, 1955.]

Estate of CLYDE EFIRD, Deceased.   GERTRUDE M. EFIRD, Appellant, v. C. H. ANTRIM COMPANY et al., Respondents.

Lester N. Gonser for Appellant.

Charles Ray Barrett and Davis, Guerard & Barrett for Respondents.

MUSSELL, J.—Respondents, licensed real estate brokers, under authority of a written listing, procured a purchaser for real and personal property in Fresno County belonging to the estate of Clyde Efird, deceased. The executor, Security-First National Bank of Los Angeles, filed in the superior court an original and amended return, account of sale and petition for confirmation. No application was made by the executor in its return and petition for the allowance of any commissions to respondent brokers for their services. At the hearing on the petition for confirmation of sale, held on March 1, 1954, Calvin Rodeck Antrim, one of the respondents, was present in court and heard an objection being made by the attorney for the surviving wife of the decedent to the allowance of any realtors' commissions on the ground that the executor had failed to include a request for such allowance in its petition. Mr. Antrim had relied upon the executor to include a request for the said allowance in its petition and was surprised at the objection. He was not represented by counsel and before he could secure information as to the procedure for protecting his rights, the court confirmed the sale without allowing brokers' commissions. Respondents then, on April 28, 1954, filed a verified petition in the probate proceedings alleging that the sale was confirmed without allowing petitioners the commissions to which they were entitled and that through their surprise, mistake, inadvertence and excusable neglect they failed to apply for their commissions or object to the confirmation without the allowance thereof. Petitioners' prayer was (1) That they be relieved of their default in fail-

ing to object to the entry of the order confirming the sale; (2) That the order of confirmation of the sale be reopened solely for the purpose of permitting petitioners themselves to apply for and secure an order fixing and allowing appropriate realtors' commissions; and (3) That the court then fix commissions and direct the executor to pay them to petitioners. This petition came on regularly for hearing on May 10, 1954, and after a full hearing thereon, including objections to the petition filed by the surviving widow of the deceased, the court entered its order granting the relief prayed for in the petition. The widow, Gertrude M. Efird, appeals from the last mentioned order.

Appellant first argues that respondents are not parties to the proceedings herein so as to entitle them to petition the court for relief under section 473 of the Code of Civil Procedure, or otherwise, particularly after the entry of the order confirming the sale in the probate proceedings. However, this contention was considered and rejected in *Estate of Ince,* 98 Cal.App. 763 [277 P. 886]. In that case the appeal was from an order vacating a previous order allowing a broker's commission for sale of estate property and fixing anew the amount of commission to respondent. There, as here, the motion to vacate was made under section 473 of the Code of Civil Procedure and was based upon the ground that the first order was made and taken against respondent through mistake, inadvertence, surprise and excusable neglect and the court held:

"As to appellants' first contention that respondent is not a party within the meaning of section 473 of the Code of Civil Procedure, the case of *Eastwood* v. *Stewart,* 64 Cal.App. 614 [222 P. 369], is decisive, holding that a real estate agent employed under the authorization given under section 1559 of the Code of Civil Procedure is a person interested in the estate.

"The superior court has general jurisdiction to vacate its own order and make another increasing the amount to be paid, upon a motion made by respondent under section 473 of the Code of Civil Procedure, on the ground that the first order was taken against him through his inadvertence, surprise, and excusable neglect. (*Levy* v. *Superior Court,* 139 Cal. 590 [73 P. 417].) The fact that the later order was made at a time subsequent to the time of confirmation of the sale could not, on any admissible theory, affect the validity of said order."

■ Appellant next contends that the trial court had no jurisdiction to set aside an order confirming a sale of real property, for the sole purpose of allowing, fixing and directing paid a real estate broker's commission, where no application or order therefor had been made at the time of confirmation. This contention is likewise without merit. The fact that the order from which this appeal is taken was made after previous confirmation of the sale does not affect its validity. (*Estate of Ince, supra.*) ■ The probate court has exclusive jurisdiction to adjust brokers' claims and as was said in *Estate of Hughes,* 3 Cal.App.2d 551, 553 [40 P.2d 295] :

"A demand of a real estate agent, employed to sell real property belonging to an estate, is a claim which comes under the head of expense in the care, management and settlement of the estate, and of such claims the court, sitting in probate, has complete and exclusive jurisdiction."

■■ Section 473 of the Code of Civil Procedure is applicable to probate proceedings (*Estate of Moreland,* 49 Cal. App.2d 484, 487 [121 P.2d 867] ), and is a remedial statute designed to make judicial proceedings equitable and fair and to relieve a party from excusable neglect to take the procedural steps at the precise time designated. (*Denke* v. *Bowes,* 77 Cal.App.2d 642, 645 [176 P.2d 81].)

■ Appellant argues that the brokers' listing agreement herein is void because it provides that the broker shall look "solely to the assets of the trust estate for satisfaction of his right hereunder" and fails to limit the source of payment of compensation to the proceeds of a sale. This argument is not meritorious. In *Estate of Mitchell,* 20 Cal.2d 48, 50 [123 P.2d 503], it is held that the provisions of section 760 of the Probate Code that the contract "shall provide for the payment to such agent out of the proceeds of a sale to any purchaser secured by him of a commission" need not be set forth in the contract of employment, and that this section is by law made a part of any such contract. In *Estate of Rule,* 25 Cal.2d 1, 16 [152 P.2d 1003, 155 A.L.R. 1319], it is held that the provisions of the Probate Code are to be liberally construed with a view to effect its objects and to promote justice.

■ Finally, it is argued that the trial court erred in not making findings of fact and conclusions of law on the issues. However, the record shows that the parties entered into a written stipulation waiving service and signing of separate findings of fact and conclusions of law. This stipulation was

dated May 17, 1954, signed by appellant's attorney of record and filed in the probate court proceedings on May 19, 1954.

The order appealed from is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied January 27, 1955, and appellant's petition for a hearing by the Supreme Court was denied March 9, 1955.