[Civ. No. 5639.   Fourth Dist.   Apr. 2, 1958.]

Estate of WALTER L. LEE, Deceased. ALMA INVEST-
MENT COMPANY (a Corporation), Appellant, v.
LEONARD T. LEE, as Administrator, etc., et al., Re-
spondents.

Norbert Baumgarten for Appellant.

S. B. Gill for Respondents.

MUSSELL, J.—On December 12, 1956, the administrator of the estate of Walter L. Lee, deceased, sold at private sale a parcel of real property belonging to the estate to Laurence DeTilla for the sum of $500. On January 23, 1957, the administrator filed a petition for confirmation of this sale and the petition came on regularly for hearing in the superior court on February 11, 1957. Laurence DeTilla was not present at this hearing. The court ordered that the property be sold to appellant Alma Investment Company, a corporation, for the sum of $550, as the corporation had increased DeTilla's bid in open court by 10 per cent and there were no higher bids for the property. This sale was confirmed and the administrator was authorized to transfer and deliver the property to the appellant. On the same day the appellant paid the amount of its bid to DiGiorgio and Davis, attorneys for the administrator, and a receipt was given therefor. No deed to this property has been delivered to the appellant.

On March 5, 1957, Laurence DeTilla filed in the superior court a notice of motion to set aside the court's order confirming the said sale to appellant. This motion was based on section 473 of the Code of Civil Procedure and on the ground that DeTilla was prevented from being present at the time and place of the hearing of said confirmation for the purpose

of protecting his bid and that his failure to be present was through mistake, inadvertence, surprise or excusable neglect. Affidavits of DeTilla and Naomi Dennis, one of the heirs, and of V. P. DiGiorgio were filed in support of the motion. Affidavits were also filed by Fred Drinkhouse, agent of appellant, and by the administrator. The matter was then heard on these affidavits and the court made and entered an order vacating and setting aside its previous order confirming the sale. This appeal followed.

Appellant claims that the court abused its discretion in vacating the sale to appellant and that the court further abused its discretion in failing to make the return of the purchase price to the buyer a condition to its order. These arguments are untenable.

In *Estate of Herz,* 147 Cal.App.2d 100, 106 [305 P.2d 278], this court held that relief under section 473 of the Code of Civil Procedure may be granted for the purpose of vacating an order confirming a probate sale. (Citing *Estate of Moreland,* 49 Cal.App.2d 484 [121 P.2d 867]; *Estate of McCrae,* 133 Cal.App.2d 634 [284 P.2d 914].)

In *Estate of Moreland, supra,* it was held that the probate court has power to vacate an order of confirmation of sale under section 473 of the Code of Civil Procedure on motion of either a prospective bidder or the administrator. In that case the administrator had by inadvertence and mistake notified both the original and a prospective bidder that the hearing upon the return of sale would be held on a certain date instead of the day for which the hearing had been duly noticed and in fact was held. Relief was granted under section 473, and the court said: ''It is the settled law that the section is addressed to the legal discretion of the trial court 'and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below,' . . .''

In *Estate of McCrae, supra,* Ruth and H. A. Grinnell, high bidders at the private sale, were ''desirous and anxious'' of attending the hearing of the petition for confirmation of sale. Immediately prior to the date set for the hearing, H. A. Grinnell became very ill and it was necessary that Ruth Grinnell attend him during his illness. By reason thereof, neither of said bidders was able to attend the hearing and they were unable to arrange for any representative to be present. The petitioners were prepared to protect their bid for the property and offered to increase it substantially. Relief was granted

under section 473 and it was held that there was no abuse of discretion shown; that the vital interest that respondents had in the property, the illness which prevented them from being present at the hearing, and the fact that respondents were thereby rendered unable to protect their prior bid at said hearing, with the further result that the estate was prevented from realizing an increased amount for the property, were all factors to be considered; and that section 473 is remedial in nature, and, in the interest of disposing of matters upon their merit, must be liberally construed.

In *Estate of Efird*, 130 Cal.App.2d 227, 230 [278 P.2d 730], it was held that "Section 473 of the Code of Civil Procedure is applicable to probate proceedings (*Estate of Moreland*, 49 Cal.App.2d 484, 487 [121 P.2d 867]), and is a remedial statute designed to make judicial proceedings equitable and fair and to relieve a party from excusable neglect to take the procedural steps at the precise time designated. (*Denke* v. *Bowes*, 77 Cal.App.2d 642, 645 [176 P.2d 81].)"

In the instant case it is stated in the affidavits of Laurence DeTilla, filed in support of his motion, that he was the successful bidder for the property involved at the private sale thereof conducted by the administrator; that he discussed his bid and the sale with V. P. DiGiorgio, the then attorney of record for the administrator; that as a result of said conversation and bid he was informed that it would not be necessary for him to be present at any future court hearing for the purpose of protecting his bid; that he further understood he would be informed of the time and place of any hearing for the confirmation of said sale; that he did not receive any notice of the time and place of hearing of such confirmation and further believed that no one could make any bid in excess of his and thereby acquire title to said property; that had he been advised of the time and place of said hearing, he would have been present; that had he been advised that his successful bid could be set aside in the event of a higher bid in court, he would have taken every precaution to protect his bid and interest in the property; that if the court grants his motion to vacate the sale to Alma Investment Company, he will be present at the new time and place of confirmation and will protect his bid; that he is now prepared to make an offer to purchase the property for the sum of $600, which bid he will reassert in open court at the time of the new hearing; that at the time he was advised by Attorney DiGiorgio that he was the successful bidder for the property, DiGiorgio stated that he (affiant) was then the owner of the

property and that he could sell or assign his rights in the property to anyone whom he desired; that he was informed at this time that a court order would be issued confirming the sale and that he would receive a deed to the property forthwith.

Naomi Dennis stated in her affidavit that prior to the confirmation of the sale to appellant she discussed the sale and the bid of DeTilla with V. P. DiGiorgio, attorney for the administrator; that she understood from said discussion that no further bids could be made at the hearing for confirmation and that notice thereof would be mailed to her; that she did not know the time and place actually set and for that reason was not present.

The facts set forth in the foregoing affidavits were sufficient to justify the trial court in setting aside the sale to appellant under the rules heretofore announced.

We find no reversible error in the failure of the trial court to make the return of the purchase price to appellant a condition of the order setting aside the sale. The record indicates that the money paid by appellant was and is deposited in a trust fund of the estate and it is assumed that proper disposition of this sum will be made by the administrator upon the final determination of the matters here involved.

Order affirmed.

Barnard, P. J., and Griffin, J., concurred.