WOOD, P. J.
Plaintiff appeals (1) from an order which vacated an order modifying a portion of an interlocutory judgment of divorce relating to support of minor children; and (2) from an order thereafter made which modified portions of the interlocutory and final judgments relating to such support.
Appellant contends that the court did not have jurisdiction to vacate the first order above-mentioned, and that the court abused its discretion in vacating the order; and that the court abused its discretion in determining the amount to be paid under the second order.
Plaintiff obtained an interlocutory judgment of divorce on July 2, 1953. The judgment awarded custody of the two children (Dawn and Angela) to plaintiff, and ordered that defendant pay $20 a week for their support. The final judgment, which was entered on July 26, 1954, stated that the provisions of the interlocutory judgment, with respect to support of children, were “made binding on the parties” the same as if the provisions were set forth in full in the final judgment.
*88 On August 9,1957, pursuant to request of plaintiff, an order was made requiring defendant to show cause on September 3, 1957, why the interlocutory judgment (designated by plaintiff as “the order of July 1, 1953”) should not be modified to require defendant to pay: $175 a month for support of Dawn (aged 6 years) ; $10 a week for Angela (.aged 5 years) ; and attorneys’ fees. The order was not served on defendant personally, but a copy of the order was sent by mail to his attorneys of record.
Defendant was not present, nor represented by counsel, at the hearing of the order to show cause on said September 3. An order, made at said hearing, stated that the “order of July 1, 1953 [presumably the interlocutory judgment which bears that date but was entered on July 2, 1953],” was modified, and defendant was ordered to pay $175 a month for; Dawn, $10 a week for Angela, $100 attorneys’ fees, and $25 costs. Notice of entry of the modified judgment was served on defendant’s attorneys of record.
On February 21, 1958, defendant was adjudged guilty of contempt of court in that he wilfully failed to comply with said order of court made on September 3. He was sentenced to imprisonment in the county jail for five days and to pay a fine of $250. The sentence was suspended upon condition that defendant pay $250 to plaintiff to be applied on “the arrearage of child support” and attorneys’ fees. He paid said amount to plaintiff.
On March 3, 1958, defendant filed a notice of motion to vacate said order of September 3 upon the ground that said “proceedings were taken against him as a result of inadvertence, surprise and excusable neglect.” In his affidavit in support of the motion he stated that he was not served personally with the order to show cause; the service was made by serving his counsel of record; his counsel had no way of communicating with him, and consequently he did not know of the filing of the order to show cause. Also, in support of the motion to vacate, one of the defendant’s attorneys of record filed a written declaration that the attorneys were unable to locate defendant since June, 1956, and prior to February 5, 1958.
On March 10, the motion to vacate the order of September 3 was “granted upon the condition that any order made will be retroactive to September 3, 1957, said condition being made pursuant to stipulation.” (Apparently the reference therein to “any order made will be retroactive” pertained to a rehear *89 ing of the order to show cause regarding modification of the original interlocutory decree.) The order of March 10 also included a statement, as follows: “Continued to April 8, 1958 at 9 :30 a.m. ’ ’ Thereafter the hearing on the original order to show cause was continued to April 25, 1958.
At that hearing plaintiff testified as follows: Dawn is mentally retarded and needs special education and treatment. In September, 1957, plaintiff enrolled Dawn in a school which specializes in the education and treatment of such children. The cost of attending that school, including room and board, was $175 a month. Dawn remained at that school about two months, and then plaintiff took her from the school because the defendant had paid only $80 a month pursuant to the interlocutory judgment, and plaintiff could not pay the tuition of $175 a month. Plaintiff still owes the school $350. About November 1, 1957, plaintiff enrolled Dawn in a day school which specializes in the training of such children. The tuition there is $95 a month. The necessary monthly expenses incurred by plaintiff for the support of Dawn amount to $175. Plaintiff’s net salary as a secretary is $73.84 a week.
At said hearing, on April 25, defendant testified as follows: His net salary as a salesman is $122.45 a week. Some of his monthly expenses are: $75 for rent; $30 for utilities, $100 for payment on purchase of 1956 Cadillac automobile, and $22 for automobile expenses. His monthly expenses amount to approximately $390. He purchased the automobile in March or April, 1958. He uses the automobile in his business as a salesman. His present wife, who has commenced an action for divorce, is asking for alimony and attorneys’ fees.
The court commissioner, who presided at that hearing, found that Dawn was abnormal in her mental processes, and it was necessary that she attend a special school for retarded children; plaintiff earns $73.34 per week net; defendant has made the regular payments of $20 per week (total) for both children, and plaintiff has been using her own earnings for the extra payments on behalf of Dawn; defendant earns $122.45 per week net, and he pays his travel expenses (as a salesman); his total expenses are approximately $390 a month; in addition to the payment of $10 a week for Angela (the other child), the defendant has the ability to pay $20 a week for Dawn.
The court commissioner recommended that the interlocutory and final judgments be modified by ordering that defendant pay $20 a week for the support of Dawn; and pay $100 attorneys ’ fees. The recommendations also recited:" By stipu *90 lation, said payments are payable in accordance with the formula for child support payments set forth in the aforesaid interlocutory and final judgments of divorce and are retroactive to September 3, 1957.” The judge made an order in accordance with those recommendations.
On May 1, 1958, plaintiff filed exceptions to the report of the commissioner and to the order of the court. The exceptions were made upon the grounds: (1) That the evidence established that $175 a month was required for Dawn, and that defendant had the ability to pay that amount; and (2) the allowance of $20 a week was an abuse of discretion in view of the expenses which plaintiff had incurred for special treatment and education of Dawn in reliance on the order of September 3, 1957. On May 6 the exceptions were denied, and the order of April 25 was affirmed.
As above stated, one of appellant’s contentions is that the court did not have jurisdiction to vacate the order of September 3. Her argument is that the notice of motion to vacate that order was not filed within six months after the order “was taken,” as required by section 473 of the Code of Civil Procedure. That section provides that an application for such relief “must be made within a reasonable time, in no case exceeding six months, after such . . . order . . . was taken.” Appellant states that the notice of motion was filed six months and one day after the order of September 3. The notice of motion was filed on March 3, 1958.
If the period of six months is computed on the basis of 30 days to a month, the last day of the period would be March 2, 1958, which was Sunday. Since Sunday is a holiday (Gov. Code, § 6700), the period of six months would be extended to and including March 3, 1958. (Code Civ. Proc., § 12a; Bell v. Krauss, 169 Cal. 387, 391-392 [146 P. 874].) If the period of six months is computed on the basis of a calendar month, the last day of the period would be March 3, 1958. Under either method of computation, it appears that March 3 was the last day of the period of six months. Since the notice of motion was filed on that day, it was filed within the six months, and the court had jurisdiction to grant the motion.
Appellant also contends that the court abused its discretion in vacating the order of September 3 in that the notice of motion to vacate was not filed within a reasonable time as required by said section 473. Notice of entry of the order of September 3 was served on defendant’s counsel on September 19. About November 15, 1957, defendant knew *91 that the order of September 3 had been made. (About November 15 defendant told appellant’s counsel that he did not intend to pay the $175.) It thus appears that, after defendant’s counsel knew of the order of September 3, there was a delay of five and one-half months in filing the notice of motion to vacate the order; and that, after defendant knew of the order, there was a delay of three and one-half months in filing the notice to vacate. In view of the fact that the order to show cause (re modification) had been served on defendant’s counsel and not on defendant personally, and that his attorneys had said they could not locate defendant, the trial court might have considered that during the time prior to November 15 (i.e., the first two and one-half months of the delay period) the defendant was justifiably excused in not proceeding to vacate the order of September 3. As to the remainder of the delay period (about three and one-half months, when defendant had actual knowledge of the order of September 3), the record on appeal does not show there was justifiable excuse for the delay. The record, however, does not include a transcript or an engrossed statement of oral proceedings in court on March 10 when the motion to vacate the order of September 3 was heard. The reference in the minutes of March 10 (above shown) to a “stipulation” indicates there were oral proceedings other than the mere order granting the motion. As above stated, the minutes of March 10 recite: ‘‘ The motion ... to vacate ... is granted upon the condition that any order made will be retroactive to September 3, 1957, said condition being made pursuant to stipulation.” All intendments are in favor of the order of the trial court, and a record of the oral proceedings of March 10 is not before this court. Under such circumstances it cannot be concluded that the trial court abused its discretion in granting relief under said section 473.
The reference in the minutes of March 10 to a stipulation is ambiguous in that it cannot be ascertained therefrom whether the word “stipulation” was intended to mean that both parties made the stipulation, or whether the word was intended to mean that defendant consented to or accepted a condition proposed by the court. Of course, if appellant participated in making the stipulation she would not be in a position to object to the granting of the motion to vacate. Appellant was not responsible, of course, for the form of the minutes. It will be assumed on appeal herein that appellant did not participate in making the stipulation.
In any event it appears that after the motion was granted *92 upon the condition that any further order for child support would he retroactive to September 3, the appellant, without further protest, presented evidence on April 25 upon the rehearing on the order to show cause. The provision in the order of March 10 imposing the condition, that any further order for support would be retroactive, was a provision favorable to appellant.' The order of March 10 was appealable, but appellant did not appeal therefrom until after the rehearing on April 25 (appeal was taken on May 8). By proceeding with the rehearing, it appears that appellant indicated acquiescence in the order of March 10. It is not necessary to determine herein whether there was such acquiescence
With respect to the appeal from the order of April 25, appellant contends that the trial court abused its discretion in allowing only $20 a week for the support of Dawn. Appellant argues that the court should not have regarded the payment by defendant of $100 a month on the purchase of a Cadillac automobile as a legitimate expense of defendant in determining the ability of defendant to pay for the support of Dawn. The testimony with respect to the income and expenses of defendant is stated hereinabove. There was evidence that defendant was a salesman; he used an automobile in his business; the Cadillac automobile, which he bought in 1958 prior to the hearing on April 25, was a used 1956 model. The question as to the financial ability of defendant was a question of fact for the trial judge. No useful purpose would be served by repeating the various items comprising the requirements of Dawn and the income and requirements of defendant. Under the evidence presented, this court cannot conclude there was an abuse of discretion on the part of the trial judge.
The orders appealed from (orders of March 10 and April 25, 1958) are affirmed.
Fourt, J., and Lillie, J., concurred.