[Civ. No. 23854.   Second Dist., Div. Two.   Sept. 4, 1959.]

ALEXANDER T. CHOHON, Appellant, v. KERSEY KINSEY COMPANY (a Corporation), Respondent.

Walley & Davis and Jack J. Walley for Appellant.

Frank W. Doherty for Respondent.

ASHBURN, J.—This appeal arises upon a judgment entered pursuant to the sustaining, without leave to amend, of an objection to the introduction of any evidence in support of plaintiff's complaint. It is there alleged that the parties made oral agreements on June 19, 1953, whereby defendant undertook to construct upon a cost plus basis two buildings for plaintiff, one situated on Ventura Boulevard and the other on Sunset Boulevard, both in Los Angeles County; the Ventura building was to be constructed in accordance with plans and specifications prepared by defendant and its architects and engineers; those plans called for an air conditioning and heating system "which defendants warranted would be adequate to properly air condition and heat the said building necessary to the comfort of the tenants and occupants thereof"; both buildings were completed by March 23, 1954, and the balance of the construction price of both was $102,-109.64; the air conditioning system of the Ventura building proved to be inadequate; this was discovered by early June, 1954, but defendant wanted payment of the $102,109.64 in full; it was then orally agreed that plaintiff should give defendant a 30-day note and trust deed, secured by the Sunset property, for the full sum of $102,109.64 as security; defendant would allow plaintiff upon payment of said note an offset equal to the cost to plaintiff of replacing and correcting any portions of the air conditioning system which might be required to supply adequate air conditioning and heating for the comfort of the tenants and occupants of said Ventura Boulevard property; plaintiff on June 11, 1954, did execute and deliver said $102,109.64 note and trust deed to defendant and engaged architects and engineers to ascertain the reasons for inadequacy of said air conditioning and heating system, found that it needed an additional unit, additional ducts, etc., which were procured at a cost of $29,961.11 (later reduced to $22,307.52); in April, 1957, plaintiff offered to pay $57,000 (the unpaid balance of the trust deed) less said $29,961.11 and defendant agreed thereto; an escrow was opened for that purpose but defendant refused to give instructions therein calling for payment to him of any sum less than $57,000; it therefore became necessary for plaintiff to pay the entire $57,000 demanded by defendant; plaintiff did so and now seeks to recover from defendant said agreed sum of $22,307.52.

Appellant's major contention on appeal involves the applicability of the parol evidence rule, for defendant's counsel urged below and the trial judge held that the plaintiff's complaint showed an action based on a promissory note and an attempt by plaintiff to modify same by an oral agreement.

■ It appears, however, that the parol evidence rule is not here applicable. Plaintiff stands upon an oral agreement; defendant does likewise, though the terms alleged differ somewhat from that of the complaint. Section 1856, Code of Civil Procedure, and section 1625, Civil Code, expressly confine the parol evidence rule to written instruments. ■ *McKeon* v. *Giusto*, 44 Cal.2d 152, 156 [280 P.2d 782]: "Section 1698 provides that 'A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise.' The section presupposes an existing contract in writing, and accordingly, it does not invalidate a new oral agreement made after a written contract has expired by its terms or has been orally abrogated, cancelled, or rescinded by the parties."

The pleading which plaintiff was attempting to prove averred a contract to construct a building with an express warranty of the sufficiency of the air conditioning plant as one of its terms. The complaint shows a breach of that warranty and inferentially a demand made upon defendant, the warrantor, to make good upon that phase of his agreement.

■ As an objection to introduction of evidence serves the same purpose as a general demurrer or motion for judgment on the pleadings (2 Witkin, California Procedure, p. 1708, § 72), it must proceed upon the hypothesis that the allegations of the challenged pleadings are true. (*Bice* v. *Stevens*, 136 Cal.App.2d 368, 373 [289 P.2d 95].) Here we have a breach of contract by defendant with presumptive damage flowing from it. The parties undertake to adjust the method of making reparation. They agree that plaintiff shall do the necessary work to find and correct the trouble and that he shall be allowed a credit or offset upon his note for the final payment equal to the reasonable cost of the work to be done by him. That amounted to $22,307.52.

In no sense did plaintiff base his cause of action upon a written promissory note and then attempt to modify it, for he was the maker of the note and trust deed. Defendant having repudiated his agreement to allow an offset against that note, plaintiff sues not upon the note but upon the supplemental and collateral agreement—to recover the amount paid

by him to correct the defect in the building left by defendant's breach of warranty. █ *Hotle* v. *Miller*, 51 Cal.2d 541, 546 [334 P.2d 849] : "Obviously, however, it [parol evidence rule] has no corresponding power to preclude future negotiations. 'Any contract, however made or evidenced, can be discharged or modified by subsequent agreement of the parties. No contract whether oral or written can be varied, contradicted, or discharged by an antecedent agreement. Today may control the effect of what happened yesterday; but what happened yesterday cannot change the effect of what happens today. This, it is believed, is the substance of what has been unfortunately called the "parol evidence rule." ' " █ In fact there is nothing about the supplemental agreement at bar which is inconsistent with the original agreement, for it relates to a method of discharging defendant's obligation for breach of his original agreement. (*Cf.* 32 C.J.S. § 964, p. 930.)

Moreover, if the original contract were treated as a complete written integration and the supplemental arrangement as an alteration of the original, section 1698, Civil Code, would not be controlling or restrictive in this instance. It says : "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." █ *D. L. Godbey & Sons Const. Co.* v. *Deane*, 39 Cal.2d 429, 433 [246 P.2d 946], establishes that one who has rendered consideration for his right to a modification and has himself performed its terms may rely thereon effectively even though the other party has not performed his part of the modification agreement. (See also, Witkin on California Evidence, p. 419, § 376(1).) █ That plaintiff fully performed and rendered consideration seems clear. He agreed to find and correct the trouble in the air conditioning system, to make necessary changes, to do so at cost, to wait more than 30 days for his reimbursement, to execute a trust deed note to his defaulting contractor. He did all these things. That they constituted ample consideration for this modification appears from a reading of section 1605, Civil Code: "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

Another point urged by respondent in support of his objection to introduction of any evidence is plaintiff's "[b]asing the cause of action on an oral agreement made in

June, 1954, as set forth in paragraphs XI and XII of the complaint, and the complaint not being filed until May, 1957, is barred by the Statute of Limitations as set forth in the answer.''

Respondent's brief says concerning this point: ''Respondent has no argument that the statute of limitations on an oral agreement is two years and that it does not begin to run until the time of performance has accrued.

''As filed, Plaintiff's Complaint is not barred by the statute of limitations which was affirmatively pleaded by Defendant. This defense was only pleaded and the motion against the introduction of evidence at the time of trial was only made on this ground to meet the anticipated claim of Plaintiff that his oral agreement was not a modification of an existing written agreement but rather a separate and distinct oral agreement. If such a claim had been made in trial, the defense of the statute of limitations would have been well founded and urged.''

We take this to be an abandonment of the statute of limitations for the purposes of this appeal and hence will discuss it no further. No other points require comment.

Plaintiff has not only appealed from the judgment but has also enumerated in his notice of appeal ''the Order made on July 30, 1958, denying plaintiff's motion to amend his complaint and denying plaintiff's motion to vacate an order made by the trial court on July 17 denying plaintiff's motion for leave to amend his complaint; from the Order made on Sepetmber 11, 1958, denying plaintiff's motion for a new trial. Said appeal is taken from all of the rulings made adversely to plaintiff at the trial of said action.'' None of these orders or rulings is appealable except the judgment.

The judgment is reversed. All other attempted appeals are dismissed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied September 29, 1959.