[Civ. No. 29968.   Second Dist., Div. One.   Nov. 15, 1966.]

GERALD A. ELUSCHUK, Plaintiff and Appellant, v. CHEMICAL ENGINEERS TERMITE CONTROL, INC., Defendant and Respondent.

464

Eric A. Rose for Plaintiff and Appellant.

Samuel Duskin for Defendant and Respondent.

LILLIE, J.—Plaintiff sued defendant corporation and Van D. Powell for money arising out of breach of contract and for declaratory relief; the complaint was dismissed as to Powell but defendant corporation answered and filed a counterclaim (defendant did not proceed on the counterclaim). The action was tried on the first and fourth causes of action—in the first, plaintiff sought recovery of $12,000 for services rendered defendant corporation as a termite control salesman between April 23, 1963, and January 31, 1964, and in the fourth a declaration of the rights of the parties under paragraphs 9, 10, 11, 14, 15 and 16 of a written employment agreement of April 26, 1963, which he alleged are void on the ground of lack of mutuality and force and duress. Plaintiff appeals from judgment denying him recovery on his complaint and awarding defendant corporation $300 attorney's fees and $87.95 costs.

We view the evidence in a light most favorable to the respondent. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689]; *Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557].) Prior to April 23, 1963, plaintiff had worked off and on as a solicitor and salesman for defendant Chemical Engineers Termite Control, Inc., during which he was employed under a contract. On April 23, 1963, he returned to defendant corporation for a job; Mr. Powell told him that he could go to work for him but he would have to sign an employment contract. Inasmuch as plaintiff needed the job he agreed to do so. On that day (April 23, 1963) he was hired by Powell as a termite control salesman for a 15 percent and 20 percent commission. While plaintiff's previous work for defendant corporation had been as a solicitor and salesman, he did not like soliciting and did not want to work as a solicitor. He then had no solicitor's license, but could have obtained one had he desired; neither did he have an inspector's license. On April 23, 1963, he entered his duties for defendant corporation as a salesman; he worked as such for three days when, on April 26, 1963, Powell again advised him that he would have to sign a written employment contract and would have to do so before he could be paid for the week. Thus, on that day (April 26, 1963) he took plaintiff to the offices of the corporation attorney where a written employment contract was signed (Exh. 2).

The contract contains 16 paragraphs, 10 clauses setting forth the reciprocal rights and duties of both plaintiff and defendant corporation. The following are those pertinent hereto: Clause 1: "The Company shall employ the Employee for the term of one (1) year from the date hereof, as employee in the Company's business as a Field Representative-Salesman or Solicitor-Salesman, . . ."; Clause 2 required plaintiff to devote his whole time and attention to defendant's business and to perform all services as the company shall from time to time direct; Clause 3 prohibited him from divulging "any matters relating to said business, or to the Company, or to any customer which may become known to the Employee by reason of his employment or otherwise, save insofar as may be necessary in the interests of said business"; Clause 4 provided that defendant "shall compensate the Employee by way of salary for his services in the following manner, subject to change only when agreed upon in writing and signed by the parties: Thirty (30%) percent of gross sales, sold and collected by the Employee, shall be paid monthly to said Employee as salary, . . ."; Clause 5 permitted plaintiff to draw on his salary; and Clause 6 required defendant company to keep books of account concerning the business in which there shall be kept charges and true accounts relative to sales and moneys received by it on account of the same. The following are those clauses in the contract of April 26, 1963, claimed by plaintiff to be void: Clause 9 permits defendant corporation to terminate the agreement upon one week's notice upon employee's sickness or inability to render services for a period of three successive weeks or if the business is discontinued or sold; Clause 10 provides that at no time during the term of the agreement or for a period of two years immediately following its termination will the employee call upon any customer of defendant corporation for the purposes of soliciting and/or selling to any of them any extermination, fumigating or termite control service, or solicit, divert or take away any such customers; Clause 11 prohibits the employee, under the same circumstances, from engaging in the pest control business in certain areas and from disclosing to any person any of the secrets, methods or systems used by defendant corporation; Clause 14 provides that for a breach of any of the covenants and conditions by the employee, he shall agree to pay to defendant company the sum of $2,000 without prejudice to the rights of the company to secure additional redress in the

courts, and that the company may apply any moneys due and owing him as an offset against damages; and Clause 15 provides for attorney's fees and court costs.

In his testimony plaintiff conceded that on April 26, 1963, after the employment contract was signed, he and defendant corporation mutually orally agreed that plaintiff, instead of performing the dual job—field representative-salesman or solicitor-salesman—as provided in the written contract, would continue to perform the lesser services as salesman and receive therefor a lesser compensation (15 percent and 20 percent of gross sales) rather than the compensation set forth in the contract (30 percent of gross sales). Powell told him that in case he got his inspector's license and took the dual job of inspecting and selling he would get 30 percent. The change of duty and in the rate of pay therefor was the only change made in the written contract. In accord therewith plaintiff continued as a salesman and was paid and received his agreed-upon commissions (15 percent and 20 percent) without any objections of any kind; he at no time ever discussed the contract relative to his work as a salesman with defendant corporation. Thus, plaintiff worked from April 23, 1963, as a termite control salesman for defendant corporation earning and collecting the commissions therefor when, on January 31, 1964, without legal excuse and notice to defendant corporation, he terminated his employment and a month later went to work for a competitor in the pest control business, all during the term of the written employment contract of April 26, 1964. At that time there was due plaintiff on defendant corporation's records $1,444.58 which it retained as damages under paragraph 14 of the written employment contract.

The trial court held that immediately after entering into the written contract of employment on April 26, 1963, the parties modified the same by an oral agreement which they later executed, and that the written employment agreement, together with the executed oral agreement; determined the relationship between the parties; that all of the terms and conditions, except as modified by the executed oral agreement, contained in the employment agreement of April 26, 1963, are valid and legally enforceable; and that plaintiff breached the employment agreement by prematurely leaving defendant's employ, refusing to perform his duties as a salesman and competing with defendants during the term of the agreement.

These legal conclusions were based on the following findings

—that between April 26, 1963, and January 31, 1964, plaintiff rendered services for defendants as a salesman only (No. II) "pursuant to a written agreement signed by the parties on April 26, 1963, and an executed oral agreement entered into on the same date" (No. III); that plaintiff voluntarily, with free will and full knowledge, and under no duress or influence of defendant entered into the binding written employment agreement on April 26, 1963 (No. V); "That the oral agreement between plaintiff and defendants was to the effect that all of the terms of the written agreement of April 26, 1963, would determine the relationship between the parties, except that:

"1. plaintiff would not solicit;

"2. plaintiff would not expect compensation for soliciting;

"3. defendants would not expect or require that plaintiff solicit;

"4. plaintiff would act in the capacity of a salesman only;

"5. defendants would compensate plaintiff as a salesman at a lesser commission rate of either fifteen (15%) or twenty (20%) per cent" (No. VI); "That plaintiff and defendants by their words and conduct continually reaffirmed to each other, the aforementioned relationship that they had established up until the time when plaintiff left the employ of defendants" (No. VII); that on January 31, 1964, plaintiff left defendant's employment without legal excuse and without notice (No. VIII), refused to perform his duties (No. IX) and competed with defendant corporation (No. XIII)—all prior to the natural termination of the employment contract; and that all moneys due plaintiff for services rendered had been paid to plaintiff by defendant (No. XI).

Primarily appellant claims that finding No. III—that plaintiff rendered said services (as salesman) for defendant pursuant to a written agreement signed by the parties on April 26, 1963, and an executed oral agreement entered into on the same date—is erroneous because the written employment agreement did not bind him since the oral agreement constituted a novation rendering the written contract invalid. He argues that the written employment contract was never modified in writing or by an executed oral agreement; that he never performed as a field representative-salesman or solicitor-salesman and he did not receive 30 percent commissions

therefor under the written agreement, was never asked by defendant corporation to solicit or inspect and never did so and rendered services only as a salesman at 15 percent and 20 percent commissions—thus, the written employment contract was abandoned and the oral agreement was substituted therefor relieving him of any obligation under the provisions of the written employment contract providing for damages and for his breach and prohibiting him from entering a competing business. (Civ. Code, §§ 1530, 1531.)

    The oral agreement substituting duties and salary for those provided in the written employment contract alone is not sufficient to effect a novation; there must be an intent to extinguish the written contract. (Civ. Code, §§ 1530-1532.) The intention to discharge the old contract must be clearly indicated. (*San Gabriel Valley Ready-Mixt* v. *Casillas,* 142 Cal.App.2d 137, 140 [298 P.2d 76]; *Producers Fruit Co.* v. *Goddard,* 75 Cal.App. 737, 755 [243 P. 686]; *Columbia Casualty Co.* v. *Lewis,* 14 Cal.App.2d 64, 72 [57 P.2d 1010]; *Ayoob* v. *Ayoob,* 74 Cal.App.2d 236, 250 [168 P.2d 462]; *Alexander* v. *Angel,* 37 Cal.2d 856, 862 [236 P.2d 561].)     It is a factual question whether each of the parties intended, by discontinuing performance under the several provisions of the written contract and entering into the new oral arrangement relative thereto, to release the other and to be released from the remaining provisions of the written contract. There is nothing in the evidence to show that the parties during plaintiff's employment ever considered the oral agreement a novation; to the contrary, it appears that they intended to and did by their conduct continue under the terms of their written employment contract not directly affected by the oral change of plaintiff's duties and rate of pay, believing that all of the terms of the written contract not so affected would determine the relationship between them.

Appellant relies primarily on *Anderson* v. *Standard Lumber Co.,* 64 Cal.App. 410 [221 P. 686]. Therein, plaintiff was hired by defendant under a written contract as an all-around yardman at $250 per month; thereafter plaintiff came to California and upon his arrival and after looking over the premises, told defendant that he did not feel competent to be a green lumber yard foreman and asked defendant to keep on the man who was then doing that work. He said he could not handle the job and "didn't know sugar pine from white pine." Plaintiff then agreed to take charge of the green lumber chain at nights

at $225 per month. He worked six weeks, at the end of which defendant let the lumber chain out by contract. Plaintiff sued for services rendered under the written contract but the court held that a novation occurred. It found that under the facts there had been an abandonment of the first contract. It is apparent from a reading of the opinion that the oral agreement of the parties was intended by both to be a complete novation of the prior written agreement. This is not the situation in the case at bar.

The record, however, does support a change in the provisions of the written employment agreement relating to plaintiff's duties and salary by an oral modifying agreement fully executed. ■ An executed oral agreement will serve as a modification of a written agreement without regard to the presence or absence of a consideration. (Civ. Code, § 1698; *Julian* v. *Gold*, 214 Cal. 74, 76 [3 P.2d 1009] ; *Estate of Morrison*, 68 Cal.App.2d 280, 285 [156 P.2d 473].) Section 1698, Civil Code, provides: ''A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise.'' ■ An executed oral modification of a term or provision of the contract does not wholly extinguish the contract; the effect is to alter only those portions of the written contract directly affected by the oral agreement leaving the remaining portions intact. (*Keeble* v. *Brown*, 123 Cal.App.2d 126, 129 [266 P.2d 569].) ''An 'alteration' is a modification or change in one or more respects which intro-. duces new elements into the details of the contract, or cancels some of them, but leaves the general purpose and effect undisturbed.'' (*Grant* v. *Aerodraulics Co.*, 91 Cal.App.2d 68, 74 [204 P.2d 683].) ■ ''Whether a writing has been modified by an executed oral agreement is a question of fact.'' (*Keeble* v. *Brown*, 123 Cal.App.2d 126, 132 [266 P.2d 569]; *MacIsaac & Menke Co.* v. *Cardox Corp.*, 193 Cal.App.2d 661, 670 [14 Cal.Rptr. 523].) ■ The finding herein, that the written contract of April 26, 1963, was amended by an executed oral agreement to the extent only that plaintiff was not to perform the services of field representative-salesman or solicitor-salesman and was not to receive as compensation therefor 30 percent commission but in lieu thereof was to perform services as a salesman and receive 15 percent and 20 percent leaving all other provisions in effect, is supported by the record.

When plaintiff was hired on April 23, 1963, he was told that he was to work as a salesman and would receive 15 percent and 20 percent commissions and that he would receive 30 percent commissions if he worked as a solicitor-salesman or inspector-salesman. He began work with defendant corporation as a salesman during which service, and three days later, he entered into the written contract at the office of the corporation's attorney. There he was given the opportunity to read and ask questions concerning the contract before signing it; all portions of the agreement were explained to him and he received a copy of it which he took home and read to his wife. At no time did he object to the wording of the written employment contract. He concedes that he knew when he signed it that it did not provide anything about compensation of 15 percent or 20 percent for being strictly a salesman. On the same day, before there was any performance under the written employment contract, the parties mutually orally agreed that plaintiff would, instead of performing the dual job of solicitor-salesman or inspector-salesman as provided in the written contract, confine his activities to selling for which he would receive the lesser commission. From the time plaintiff was hired on April 23 until he quit the next January 31, he continually worked as a salesman on the 15 percent and 20 percent basis without objection. At no time after April 26 did he discuss the oral contract relative to his duties as a salesman with defendant corporation, nor did he ever complain concerning his salary; when he quit prior to the one-year period called for in the written contract there was no argument or discussion about salary or wages. Asked on cross-examination whether he thought he was bound by other provisions of the written agreement, *i.e.*, prohibiting him from divulging secrets to a competitor, plaintiff first said, "No," then, "I didn't take it too seriously at all," and finally, "I gather I was"; he also took for granted that defendant corporation would look after all sales records, and believed that it was bound under paragraph 6.

Too, the oral agreement was fully executed—the object thereof was accomplished—the contemplated services thereunder were fully performed by plaintiff and his commissions earned therefor were ascertained by defendant corporation. For eight months plaintiff worked as a salesman; defendant corporation concedes that when he quit it owed him $1,444.58 as payment for services rendered and would have paid him

except for the "damage provision" of the written contract. The refusal of defendant corporation to pay the amount withheld does not render the oral agreement ineffective as not fully performed. In *Roberts* v. *Wachter,* 104 Cal.App.2d 271 [231 P.2d 534], the compensation of a lawyer was set by a written contract for profit sharing and was later changed by oral agreement. He performed his services and was paid some money on the basis of the oral agreement but not the final $4,000 for which he sued. Defendant's contention, that since he did not pay the $4,000 the oral agreement had not been fully executed, was rejected. See also *Estate of Morrison,* 68 Cal.App.2d 280 [156 P.2d 473], holding the oral modification of a written contract to be executed because the attorney had fully performed his services thereunder although he had not been paid in full.

While the oral agreement was fully executed and the presence of consideration is not an issue herein, the record shows that the oral modification was made before performance was started under the written employment contract which plaintiff was required to sign before he could continue working for defendant corporation; and the substitution of new rights and duties based upon work and salary different from that specified in the written contract resulted in relinquishment of the reciprocal rights of the parties under the applicable provisions of the written employment contract. Plaintiff, who did not like to solicit and who did not want to engage in that kind of work, was relieved of his duties as a field representative-salesman or solicitor-salesman provided for in the written employment contract. Thus, it appears that there is adequate consideration to validate the oral modification under section 1698 even if it can be said that there was performance by only one party. (See *D. L. Godbey & Sons Constr. Co.* v. *Deane,* 39 Cal.2d 429, 431-433 [246 P.2d 946] ; *Chohon* v. *Kersey Kinsey Co.,* 173 Cal.App.2d 548, 552 [343 P.2d 614] ; *Townsend Pierson, Inc.* v. *Holly-Coleman Co.,* 178 Cal.App.2d 373, 377 [2 Cal.Rptr. 812] ; *MacIsaac & Menke Co.* v. *Cardox Corp.,* 193 Cal.App.2d 661, 670 [14 Cal.Rptr. 523].)

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.