**Harold BALDAUF and Douglas J. Lang, Plaintiffs-Appellants,**

v.

**AMOCO OIL COMPANY, Defendant-Appellee.**

No. 81-1598.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 10, 1982.

Decided Feb. 17, 1983.

Rehearing Denied March 30, 1983.

Mark H. Cousens, Detroit, Mich., for plaintiffs-appellants.

Anthony A. Derezinski, Cholette, Perkins & Buchanan, Grand Rapids, Mich., for defendant-appellee.

Before MARTIN and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Appellants, Baldauf and Lang, filed their suit under the Petroleum Marketing Practices Act. "PMPA", 15 U.S.C. § 2801 *et seq.*, seeking injunctive and other relief, with respect to a non-renewal of a full service Amoco franchise in Grand Rapids, Michigan. Appellants seek principally equitable relief to prevent the change in operations of the service station property at which appellants have operated a repair business over many years. Appellee, Amoco, gave notice that at the termination of the existing five year lease in 1981 that it intended to tear down the existing service station building and build a "pumper" station under a marketing plan to sell larger quantities of gasoline to increase the profitability of that location to Amoco. This strategy was determined after a nationwide market survey; the location in question was deemed by Amoco to be most advantageous for a "pumper" station operation, which would eliminate appellants' repair business.

Appellants, however, were not discouraged from relocating the repair operation to adjacent premises, if available.

Appellee delivered a notice to appellants of its intendment for the leased premises more than ninety (90) days prior to the expiration of the lease, which action has been found by the District Court to be in conformity with the requirements of 15 U.S.C. § 2804. Appellants contended that this notice of nonrenewal under changed conditions did not comply with PMPA because it was anticipatory, given before discussion with appellants about the proposed change in operations. They also asserted that it failed to contain sufficient reason for nonrenewal. Further, appellants contended that PMPA prohibited such proposed nonrenewal (or conditional renewal) since their franchise had less than three years to run when PMPA became effective on June 19, 1978, and the change proposed was not to the franchise but to the building. Appellants' further complaint was that Amoco did not offer the disputed premises to them for sale or on the basis of first refusal. Finally, appellants assert that the District Court erred in granting summary judgment to appellee thereby overruling not only all of their previous contentions raised, but also in concluding that Amoco, under the circumstances indicated, had acted reasonably, in commercial "good faith," and in the "normal course of business."

This court has considered each of the questions raised by appellants which have been vigorously argued on appeal. We conclude, substantially for the reasons set out by District Judge Richard A. Enslen in his opinion dated August 31, 1981, that appellee acted in conformity with the requirements imposed upon franchisors under the PMPA under the circumstances of this case.[1]

The authority relied upon primarily by appellants, *Davy v. Murphy Oil Corp.,* 488 F.Supp. 1013 (W.D.Mich.1980), *aff'd.,* 667 F.2d 1026 (6th Cir.1981), we find to be clearly distinguishable in that the notice here by appellee was not only timely, but also set out sufficient reason for the conditions of renewal, unlike the situation in *Davy.* *See also Brach v. Amoco Oil Co.,* 677 F.2d 1213 (7th Cir.1982).

Accordingly, the judgment of the district court is affirmed.

---

1. The opinion of Judge Enslen may be found at 553 F.Supp. 408 (W.D.Mich., 1981).