■ H.P.S. CAPITOL, INC., Appellant, v MOBIL OIL CORPORATION, Respondent.—Order, Supreme Court, New York County (David Saxe, J.), entered September 20, 1991, which granted the motion by defendant Mobil Oil Corporation pursuant to CPLR 3211 (a) (5) and 201 to dismiss the complaint and which denied the plaintiff's cross-motion for summary judgment pursuant to CPLR 3212, unanimously affirmed, without costs.

The IAS Court, in denying plaintiff summary judgment as to liability on the first cause of action, did not err in determining that the underlying action was barred by the shortened 12 month limitation period mutually agreed upon by the parties in their Retail Dealer Agreement.

Initially, the affidavit of defendant's counsel in opposition to plaintiff's cross-motion for summary judgment may serve as the vehicle for submission of acceptable evidentiary proof in admissible form, which, in this instance, is the parties' own written agreements *(Zuckerman v City of New York,* 49 NY2d 557, 563).

Moreover, CPLR 201 clearly provides that parties to a civil action may agree to shorten the applicable Statute of Limitations by written agreement *(Sapinkopf v Cunard S. S. Co.,* 254 NY 111, *cert denied* 282 US 879).

The Court of Appeals has explicitly stated that "an agreement which modifies the Statute of Limitations by specifying

a shorter, but reasonable, period within which to commence an action is enforceable * * * provided it is in writing," since "[s]uch an agreement does not conflict with public policy but, in fact, 'more effectively secures the end sought to be attained by the statute of limitations' " expressing "a societal interest or public policy 'of giving repose to human affairs' " (Kassner & Co. v City of New York, 46 NY2d 544, 551, 550).

Accordingly, this Court has held that a 12 month shortened limitations period, as agreed to by the parties herein, is, in fact, reasonable, valid and enforceable (Carat Diamond Corp. v Underwriters at Lloyd's, 123 AD2d 544).

Equally devoid of merit is plaintiff's contention that the IAS Court erred in determining that the provision of the Retail Dealer Agreement limiting the statutory period within which an action could be commenced against defendant Mobil to one year should be read into the parties' separate Equipment Maintenance Agreement, Extension Agreement and May 10, 1989 Agreement since the language of the written agreements, when read in the context of the franchise relationship, clearly indicates that the parties intended the Retail Dealer Agreement to be the principal agreement governing the business relationship between the parties and since the language of the limitations provision itself bars "any other claim by Buyer of any kind, based on or arising out of this contract or otherwise * * * unless asserted by the commencement of any action within twelve months". Concur—Carro, J. P., Kupferman, Ross and Asch, JJ.