Connie K. HAN, Plaintiff–Appellant,

v.

MOBIL OIL CORPORATION, a New York corporation, Defendant–Appellee.

No. 94–55373.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 1995.[*]

Decided Dec. 11, 1995.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

874

Glenn A. Fuller, Kenneth P. Roberts, Woodland Hills, California, for plaintiff-appellant.

Thomas L. Van Wyngarden, Los Angeles, California, for defendant-appellee.

Before: HALL and JOHN T. NOONAN, Jr., Circuit Judges, and PRO, District Judge.**

PRO, District Judge:

Connie K. Han ("Han") appeals from the grant of summary judgment in favor of Mobil Oil Corporation ("Mobil"). The district court held that the Han's claims for breach of contract, bad faith denial of the existence of contract and contractual breach of the covenant of good faith and fair dealing under the Reimbursement Agreement executed by the parties were barred by a contractual limitations period. The district court's jurisdiction arose from 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

I. Standard of Review

We review de novo a district court's grant of summary judgment. *Jesinger v. Nevada Federal Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994); *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 629 (9th Cir.1987). Our review is governed by the same standard used by the trial

** The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

court under Federal Rule of Civil Procedure 56(c). *Jesinger,* 24 F.3d at 1130. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Jesinger,* 24 F.3d at 1130. The lower court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial. *Jesinger,* 24 F.3d at 1130. When a mixed question of fact and law involves undisputed underlying facts, summary judgment is appropriately granted. *Union School Dist. v. Smith,* 15 F.3d 1519, 1523 (9th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 428, 130 L.Ed.2d 341 (1994).

## II. Background

Han and Mobil entered into a Petroleum Marketing Practices Act[1] ("PMPA") Motor Fuels Franchise Agreement ("Franchise Agreement") which granted Han the right to use Mobil's trademarks in connection with the sale of its motor fuel. On the same day as the Franchise Agreement was to take effect, Han and Mobil entered into a Reimbursement Agreement under which Mobil agreed to reimburse Han for improvements made to her gasoline station up to $101,-100.00, after Han provided Mobil with a Second Trust Deed on her residential property as security.

The Franchise Agreement contains the following contractual limitations provision:

Any other claim by Dealer [Han] of any kind, based on or arising out of this Agreement or otherwise, shall be waived and barred unless Mobil is given written notice within ninety (90) days after the event, action, or inaction to which such claim relates. Notwithstanding notice by Dealer to Mobil, any claim by Dealer shall be waived and barred unless asserted by the commencement of a lawsuit in a court of competent jurisdiction within 12 months after the event, action, or inaction to which such claim relates.

1. 15 U.S.C. §§ 2801–2841.

Franchise Agreement, Article XII, Paragraph E.

Han made improvements to her service station property and submitted documents and invoices to Mobil for reimbursement. Her last request occurred on August 15, 1991. Mobil denied all of Han's requests for reimbursement. Unable to meet financial obligations, Han sought bankruptcy protection on September 16, 1991.

Han brought suit in California state court on March 3, 1993, alleging causes of action for breach of contract, bad faith denial of the existence of a contract and breach of the covenant of good faith and fair dealing. Mobil filed a Notice of Removal and subsequently filed its motion for summary judgment.

Mobil asserted that Han's actions were barred by a contractual limitations provision contained in the Franchise Agreement, and by Han's failure to provide a Second Deed of Trust on her residential property. The district court granted summary judgment in Mobil's favor based on the contractual limitations provision. Han appeals that determination.

## III. Relationship between Reimbursement Agreement and Franchise Agreement

Han asserts that the district court improperly applied the contractual limitations provision in the Franchise Agreement since her claims were based on the breach of the Reimbursement Agreement. She asserts that the district court erred by considering the Reimbursement Agreement with the Franchise Agreement in alleged contravention of the PMPA.

The PMPA protects gas station franchise owners from arbitrary termination or nonrenewal of their franchises by large oil corporations and gasoline distributors, and remedies the disparity in bargaining power between the parties to gasoline contracts. *DuFresne's Auto Service, Inc. v. Shell Oil Co.,* 992 F.2d 920, 925 (9th Cir.1993). The statutory scheme of the PMPA governs the termination and nonrenewal of franchises.

*See* 15 U.S.C. §§ 2802–2805. It allows a gas station franchisee to maintain a civil action against the franchisor in order to enforce the provisions regarding proper notice of termination and grounds for termination of franchises. *See* 15 U.S.C. § 2805. Han has not alleged a claim under the PMPA,[2] but asserts that the PMPA's definitions of "franchise" and "franchise relationship" mandate separate consideration of the Franchise Agreement and Reimbursement Agreement.

 A "franchise" includes the contracts or agreements that provide for the franchisee's use of a franchisor's trademark, the lease of a service station, and the motor fuel supply contract. *Svela v. Union Oil Co. of California*, 807 F.2d 1494, 1500 (9th Cir. 1987); 15 U.S.C. § 2801(1)(B). The "franchise relationship" is comprised of the respective obligations and responsibilities of a franchisor and a franchisee which result from the marketing of motor fuel under a franchise. 15 U.S.C. § 2801(2). The "franchise relationship" is "an entity separate from, but defined by, the 'franchise,' or contractual arrangement existing between the parties."[3] *Svela*, 807 F.2d at 1500 (quoting *Frisard v. Texaco Inc.*, 460 F.Supp. 1094, 1097 (E.D.La. 1978)).

The significance of this distinction is that the franchisor must renew the franchise relationship, not the franchise agreement *per se*, under the PMPA. *Svela*, 807 F.2d at 1500. Indeed, the PMPA contemplates changes in the specific provisions of the franchise agreement at the time of renewal, requiring renewal only of the franchise relationship as distinguished from a continuation or extension of the specific provisions of the franchise

agreement. *Valentine v. Mobil Oil Corp.*, 789 F.2d 1388, 1391 (9th Cir.1986).

Han asserts that because the PMPA narrowly defines the terms "franchise" and "franchise relationship," a "franchise agreement" should also be defined narrowly. This would mean, she asserts, that a franchise agreement could not encompass matter outside of the "franchise relationship" and would require the consideration of the Reimbursement Agreement separate and apart from the Franchise Agreement.

 Han's position finds no support in the PMPA, or the decisions of this or any other circuit. Franchise agreements may contain contractual arrangements that are not protected by the PMPA.[4] *See Valentine*, 789 F.2d at 1391–92 (PMPA does not prohibit redevelopment rider as part of franchise agreement, under which franchisor would have the right to switch to self-service station, and failure to renew franchise relationship based on failure to agree to redevelopment rider not violation of PMPA). Indeed, franchise agreements governed by the PMPA are interpreted according to state contract law. *Lippo v. Mobil Oil Corp.*, 776 F.2d 706, 712 (7th Cir.1985) (citing *Brach v. Amoco Oil Co.*, 677 F.2d 1213, 1217–18 (7th Cir.1982)); *see also Pride v. Exxon Corp.*, 911 F.2d 251 (9th Cir.1990) (the PMPA "only preempts state laws that limit the permissible substantive reasons that a petroleum franchise can terminate a franchisee" and not common law contract rules) (quoting *O'Shea v. Amoco Oil Co.*, 886 F.2d 584, 592 (3d Cir.1989)).

 Under California law, the parties to a contract have the power to add, change or cancel provisions so long as the purpose

---

2. Han alleges common law claims arising out of the alleged breach of the Reimbursement Agreement. The PMPA does not govern these claims. *See* 15 U.S.C. §§ 2802–2804.

3. The term "franchise relationship" is used because the contract defining the franchise may no longer exist. The "franchise relationship" term assures that the parties understand that even though the contract is no longer in effect, the PMPA still will protect a viable relationship between the parties. *See Baldauf v. Amoco Oil Co.*, 553 F.Supp. 408, 409 (W.D.Mich.1981), *aff'd*, 700 F.2d 326 (6th Cir.1983).

4. The cases cited by Han are inapposite. These cases relied on the limiting definition of "franchise relationship" under the PMPA to preclude lawsuits for violations of that Act that involved breaches of supplemental contracts that were not components of the "franchise." *See, e.g., Fresher v. Shell Oil Co.*, 846 F.2d 45, 46 (9th Cir.1988); *Smith v. Atlantic Richfield Co.*, 533 F.Supp. 264, 268 (E.D.Penn.1982), *aff'd without op.*, 692 F.2d 749 (3d Cir.1982).

and effect of the original contract are left undisturbed. *Travelers Ins. Co. v. Workmen's Compensation Appeals Bd.,* 434 P.2d 992, 998 (Cal.1967). Such a modification only supersedes those terms to which it relates. *Id.; see Eluschuk v. Chemical Engineers Termite Control, Inc.,* 246 Cal.App.2d 463, 54 Cal.Rptr. 711, 715 (1966) (executed oral agreement modification alters only those portions of the written contract directly affected); Cal.Civ.Code § 1641 (Deering 1995) ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other").

The Reimbursement Agreement expressly states that it supplements the Franchise Agreement.[5] Indeed, the Reimbursement Agreement is dependent upon the Franchise Agreement. The district court did not err in considering those portions of the Franchise Agreement not expressly superseded by the Reimbursement Agreement as applying to a claim involving the breach of the Reimbursement Agreement.

■ Han finally asserts that the Franchise and Reimbursement Agreements are ambiguous. The determination of whether a written contract is ambiguous is a question of law for the court. *Jones–Hamilton Co. v. Beazer Materials & Services, Inc.,* 973 F.2d 688, 692 (9th Cir.1992) (applying California law); *Brobeck, Phleger & Harrison v. Telex Corp.,* 602 F.2d 866, 871 (9th Cir.1979) (applying California law), *cert. denied,* 444 U.S. 981, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979). The Reimbursement Agreement expressly states that it "supplements" the Franchise Agreement. No ambiguity exists in the agreements.

## IV. Validity of contractual limitations provision

■ California permits contracting parties to agree upon a shorter limitations period for bringing an action than that pre-scribed by statute, so long as the time allowed is reasonable. *Tebbets v. Fidelity & Cas. Co. of New York,* 155 Cal. 137, 99 P. 501, 502 (1909); *Beeson v. Schloss,* 183 Cal. 618, 192 P. 292, 294 (1920); *Ward v. System Auto Parks & Garages, Inc.,* 149 Cal.App.2d Supp. 879, 309 P.2d 577, 578 (1957). A contractual limitation period requiring a plaintiff to commence an action within 12 months following the event giving rise to a claim is a reasonable limitation which generally manifests no undue advantage and no unfairness. *See, e.g., Fageol Truck & Coach Co. v. Pacific Indem. Co.,* 18 Cal.2d 748, 117 P.2d 669, 672 (1941); *Lawrence v. Western Mut. Ins. Co.,* 204 Cal.App.3d 565, 251 Cal.Rptr. 319, 322 (1988).

■ Han does not dispute the reasonableness of the provision. The district court did not err in finding the twelve-month provision in the Franchise Agreement reasonable. *See, e.g., H.P.S. Capitol, Inc. v. Mobil Oil Corp.,* 186 A.D.2d 98, 99, 588 N.Y.S.2d 29 (App.Div.1992) (provision setting forth twelve-month limitation period upheld as reasonable, valid and enforceable).

■ Han asserts that because Mobil did not specifically plead the contractual limitations period as an affirmative defense, Mobil has waived the right to assert that defense. The Federal Rules of Civil Procedure control the timing of the assertion of defenses and when waiver occurs. *Healy Tibbitts Construction Co. v. Insurance Co. of North America,* 679 F.2d 803, 804 (9th Cir.1982); *see also Rivera v. Anaya,* 726 F.2d 564, 566 (9th Cir.1984).

■ This circuit has not considered whether a contractual limitations period is an affirmative defense which is waived if not pled in the Answer. However, we have ruled that an affirmative defense based on the lapse of a statutory limitation period may be raised for the first time on a motion for summary judgment when there is no prejudice to the plaintiff. *Rivera,* 726 F.2d at 566;

---

**5.** The Reimbursement Agreement states as follows:

This agreement supplements the PMPA Motor Fuels Franchise Agreement between us dated 15 Nov 1990. In order to meet competitive conditions as represented by you and con-firmed by your acceptance of this agreement, and on the terms and conditions provided herein, we agree to grant you or reimburse you for certain improvements in the amount of $ 101,100.

*see also Healy Tibbitts,* 679 F.2d at 804. We approve of the holding in *Financial Timing Publications, Inc. v. Compugraphic Corp.,* 893 F.2d 936, 944 n. 9 (8th Cir.1990), and hold that an affirmative defense based upon a contractual limitations period may be raised for the first time on summary judgment if no prejudice is caused to the nonmoving party.

Han does not claim prejudice or surprise by Mobil's failure to specifically plead the contractual limitations period as an affirmative defense. Indeed, Mobil did raise an affirmative defense regarding the applicable statutes of limitation, and the contractual limitations period itself is set forth in the very contracts Han seeks to enforce. Accordingly, the district court properly considered the applicability of the contractual limitations period for the first time on a motion for summary judgment. *Financial Timing Publications,* 893 F.2d at 944 n. 9. As it is undisputed by the parties than Han waited more than twelve months to bring her claims for relief, the district court did not err in applying the provision to bar Han's claims. We affirm the trial court's grant of summary judgment.

AFFIRMED.